BIRD et al. v. PALMETTO LUMBER CO. et al. (No. 6801.)

(Court of Civil Appeals of Texas. Galveston. April 22, 1915. Rehearing Denied May 20, 1915.)

1. DIVORCE &⫰255 — DECREE — AWARD OF PROPERTY.

The court having jurisdiction of the parties and subject-matter, the part of the decree, in a divorce suit, adjudging to the wife, with the consent of the husband, the community property, acted on by the parties for many years, estops him and his subsequent grantees.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 722–724; Dec. Dig. &⫰255.]

2. LIMITATION OF ACTIONS &⫰19—ATTACK OF JUDGMENT.

An attack on a judgment, rendered with jurisdiction, and known of by the parties, is barred by the four years' statute.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 73–85; Dec. Dig. &⫰ 19.]

Appeal from District Court, Newton County; A. E. Davis, Judge.

Action by Emma Bird and another against the Palmetto Lumber Company and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

V. A. Collins, of Beaumont, and Joe W. Thomas, of Woodville, for appellants. Wightman & Hancock, of Newton, Hightower, Orgain & Butler, of Beaumont, and Dean, Humphrey & Powell and John E. Kilgore, all of Huntsville, for appellees.

LANE, J. Appellants, Mrs. Emma Bird, joined herein pro forma by her husband, E. D. Bird, brought this suit against the Palmetto Lumber Company and Jesse Brack on the 23d day of October, 1911 to recover title to the 217 acres of land described in their petition. Mrs. Sallie E. Gibbs, George W. Carroll, and J. P. McMahon were later brought into the suit as defendants, Mrs. Gibbs as assignee of the defendant Palmetto Lumber Company, and Carroll and McMahon as warrantors of title to said land only. Appellant Mrs. Emma Bird claims title to said land under a deed executed and delivered by George H. Bean to her on the 23d day of November, 1909. Appellees Jesse Brack and Mrs. Gibbs claim under and through deeds from Mary E. Colville, deceased, formerly Mary E. Bean, wife of George H. Bean, and her assigns.

The basis of the claims of the appellants and appellees, respectively, may be more specifically and fully stated as follows: George H. Bean married Mary E. Colville in 1877. During this marriage Emma, a daughter, appellant in this cause, was born to them. On the 3d day of October 1891, Mary E. Bean filed a suit in the district court of Newton county for a divorce from George H. Bean. In her petition she alleged, among other things, that Emma, the daughter, was 12 years of age, and that George H. Bean and herself owned in common the 217 acres of land involved in this suit. In her prayer she asked that the care, custody, and maintenance of the said daughter, Emma, be decreed to her or to George Bean, as the court might think for the best interest of the said Emma; that the title to the 217 acres of land be vested in her; that her maiden name, "Mary E. Colville," be restored to her; and for general relief. On the same date, October 3, 1911, the court entered judgment in said cause granting the divorce and restoring to plaintiff her maiden name as prayed for, decreeing the care and custody of the daughter, Emma, to defendant George H. Bean, and the title to the 217 acres of land to plaintiff Mary E. Colville. Mary E. Colville, immediately or shortly after said judgment was rendered, was permitted to and did take possession of the land in question and held the same until she sold it to Marsene Johnson in October, 1896. The land was sold by Johnson and passed by various deeds from him and his assigns to the appellees. Mrs. Colville, former wife of George Bean, died in 1900. On the 23d day of November, 1909, more than 18 years after the divorce decree, and 9 years after the death of his former wife, George Bean gave his daughter, Emma Bird, a deed to the land in question. Bean paid no taxes on said land from 1891 to date of suit, nor made any open claim to same after Mary Colville took possession in 1891 until this suit was filed in October 1911.

Appellants insist that as the land in question is shown by the petition in the divorce suit to have been the community property of George Bean and wife, Mary E. Bean, the district court had no authority by a decree of court to divest George Bean of his interest in said land; that while article 4634, Revised Statutes of 1911, provides that the court pronouncing a decree of divorce from the bonds of matrimony shall decree and order a division of the community estate as to the court seems right to each party, it also provides that such provision shall not be construed to compel either party to divest himself or herself of the title to real estate; that, as the petition of plaintiff in said divorce suit alleged that said land was the community property of George H. Bean and Mary E. Bean, the judgment entered in said suit was void, and those purchasing under Mary Bean (Mary Colville) were charged with notice that one-half of said land was the property of George H. Bean, and that, notwithstanding said decree in which the court vested title to said land in Mary Colville, one-half of said land still remained the property of George H. Bean, and that by his deed of 23d of November, 1909, title thereto passed to appellant Mrs. Emma Bird.

Appellees insist that the real issue in said divorce suit was the care and custody of the daughter, Emma; that pending this controversy over said custody and care of said daughter, both parties agreed that, for the purpose of settling such controversy, the court might enter judgment decreeing the care and custody of said daughter to said George Bean, and that the whole of the land should be decreed to the plaintiff Mary E. Bean (Mary Colville), and therefore the decree of the court vesting title to said land in Mary Colville was valid and passed said title to said Mary Colville, and that, by reason of said consent and agreement of George H. Bean, said decree should be entered for a valuable consideration, to wit, the care and custody of the daughter, Emma, and by reason of the fact that he permitted Mary Colville to take possession of said land under said decree, and to remain in possession until she sold the same to Marsene Johnson in October, 1896, and permitted Johnson and those claiming under him to remain in possession of the same until November 23, 1909, without asserting any claim thereto, he and those claiming under him were and are estopped from asserting title thereto as against those holding under Mary Colville.

Appellees in their answer in this case asserted title in themselves by virtue of proper conveyances and by limitation.

The case was tried before the court without a jury, and judgment was rendered and entered for appellees. Upon proper request the trial court, among other things unnecessary to copy herein, found and filed the following:

"Findings of Fact.

"(4) I find that the said Geo. H. Bean and Mary E. Bean were separated more than three years prior to October 3, 1891, on which date a decree of divorce was entered in the district court of Newton county in cause No. 484, styled Mary E. Bean v. George H. Bean, and in which decree the following facts are recited: (a) That the parties plaintiff and defendant appeared in person and by their attorneys; (b) that the matters in controversy, as well of fact as of law, were submitted to the court; (c) that the court heard the evidence and argument of counsel; (d) and was of the opinion that the law and the facts were for the plaintiff, and that the material allegations in the plaintiff's petition were true; (e) it was decreed that the bonds of matrimony existing between the plaintiff and defendant be dissolved; (f) it was further decreed by the court that all the right, title, and interest which the defendant owned in community with the plaintiff in and to the land described in plaintiff's petition be divested out of the defendant and vested in the plaintiff, and that the plaintiff should thereafter own the whole of said land in severalty to herself for her own separate use in fee simple; (g) it was further decreed by the court that the care and custody of the minor child of the plaintiff and defendant be awarded to the defendant; (h) the plaintiff's name was changed from Mary E. Bean to Mary E. Colville; and (i) the costs were adjudged against the defendant.

"(5) I find that said decree in the case of Bean v. Bean, in so far as it compelled the defendant to divest himself of title to real estate, was void and subject to be set aside in this action, *except for the fact, as hereinafter found, that said judgment was agreed to by the parties;* and the defendant therein and the plaintiffs herein are barred by the statutes of limitation, and they are held to be estopped from attacking said judgment after the lapse of so many years after the rendition thereof. [The italics in this paragraph are ours.]

"(6) I find from the evidence that the judgment in cause No. 484 (Bean v. Bean), so far as the same disposed of the custody of the minor child and the lands described therein, was entered by and with the express knowledge and agreement of the parties plaintiff and defendant thereto.

"(7) I further find from the evidence that there was no fraud practiced upon the defendant in the matter of procuring or entering the judgment in said divorce proceedings, and that the defendant expressly agreed that, in consideration that the care and custody of the minor child be awarded to him, the lands in controversy might be allotted to and vested in the plaintiff, in her own right in fee simple.

"(8) I further find that the defendant in said cause No. 484, having knowledge of the terms of said judgment, acquiesced in and ratified said judgment and took no steps to repudiate the same during the lifetime of the said Mary E. Bean (Mary E. Colville), who died on or about September 8, 1900; and the said George H. Bean, and the plaintiffs herein claiming under him, acquiesced in and ratified said judgment and took no steps to repudiate the same after the death of Mary E. Bean, until the execution of a deed by the said George H. Bean to the plaintiff Emma Bird on the —— day of December, 1909, and the institution of this suit by the plaintiffs on the 23d day of October, 1911. * * *

"(10) I further find that the plaintiffs are barred from attacking the judgment in cause No. 484 for fraud under the statute of limitations of four years, and are barred from making a direct attack on said judgment under the statute of limitations of ten years, and that they are now estopped to deny the validity of said judgment.

"(11) I further find that, upon the rendition of the decree of divorce in cause No. 484 (Bean v. Bean), the said Mary E. Colville went into actual possession of the premises in controversy and remained in possession in person for some time, and thereafter kept possession of said premises by tenant until she sold and conveyed the same to Marsene Johnson by deed bearing date October 2, 1896. I further find that the said Marsene Johnson held actual possession of said premises by tenant during all of the time the same were owned by him, except two or three intervals which elapsed after said premises were vacated by one or more tenants, and before other tenants moved in; and that the defendant Marsene Johnson conveyed said premises to J. P. McMahon, Sr., by deed bearing date July 12, 1906, and that the said J. P. McMahon, Sr., held actual possession of the premises in controversy until he sold and conveyed the 160 acres thereof claimed by the defendant Mrs. Sallie E. Gibbs to George W. Carroll, by deed dated July 1, 1907.

"(12) I further find that there has been sufficient actual possession of the 57 acres of the land in controversy owned and claimed by the defendant Jesse Brack to establish title in the said defendant under the statute of limitations of ten years. * * *

"(14) I find that J. P. McMahon, Sr., conveyed that part of the premises in controversy herein claimed by the defendant Mrs. Sallie E. Gibbs to George W. Carroll by deed with covenants of general warranty, bearing date July 1, 1907, for the consideration of $2,240, paid and secured to be paid, and the deferred payments were shown to have been made by the defendant Mrs. Sallie E. Gibbs to the said J. P. McMahon.

"(15) I further find that the said George W. Carroll conveyed that part of the premises in controversy claimed by the defendant Mrs. Sallie E. Gibbs to Palmetto Lumber Company by deed bearing date July 20, 1907, with covenants of general warranty, and that the consideration for the 160 acres conveyed therein of the land in controversy herein and claimed by the defendant Mrs. Sallie E. Gibbs was the sum of, to wit, $3,125.

"Conclusions of Law.

"From the foregoing findings of fact, I conclude that the law is with the defendants."

By appellants' first assignment of error it is in effect insisted that, it being admitted that the land in question was formerly the common property of George H. Bean and wife, the burden was upon appellees to show that the one-half interest of George Bean therein legally passed to appellees; that the only evidence tending to show this fact was the judgment rendered in the divorce suit of Bean v. Bean; and that this proof alone was insufficient for that purpose, and therefore the court erred in not rendering judgment for appellants.

The undisputed evidence shows that the judgment in said divorce suit decreed the child, Emma, to George H. Bean and the land in question to Mary E. Bean (Colville); that George H. Bean was present when the judgment was entered in the divorce suit; that he waived service in writing, and filed answer therein, and, after said judgment was entered, he acquiesced therein, took charge of the child, Emma, by virtue of such judgment, and kept her until she was grown, and until after the death of her mother;

that Mrs. Mary Bean (Colville) took charge of the land in question under and by virtue of said judgment, and that she and her assigns had held peaceable possession thereof for 18 years, and that during all this time George H. Bean made no claim thereto, and that he paid no taxes thereon. There was also sufficient evidence to warrant the trial court in finding that George H. Bean had agreed that such judgment should be entered by the court trying said divorce suit, and there was also ample evidence to justify the court in finding that Mrs. Mary Bean (Colville) and those claiming under her had held continuous peaceable and adverse possession of said land for more than 10 years prior to appellants' suit in this cause, and that appellees now hold title to the same under the 10 years' statute of limitation.

The court, in his eleventh finding of fact set out herein, finds that Mrs. Mary E. Colville went into actual possession of the land in question in 1891, and that she and those holding under her have from that date held actual possession of same to July 1, 1907. No exception was reserved to such finding, nor is there any assignment of error relative thereto in appellants' brief.

[1] In the case of Connellee v. Werenskiold, 87 S. W. 747, it is said:

"Appellee alleged that this decree was agreed to by appellant, and had been acted upon by him since its entry by the payment of a part of the rents due appellee into said bank for her, and the uncontroverted testimony in the record supports these allegations. * * * So, if appellant consented to that part of the decree * * * obligating him to pay the amounts decreed to appellee in Dallas county, it makes no difference whether the pleadings alleged or prayed that such obligation be embraced in the decree. That part of the decree being based on his consent thereto, he would be bound thereby."

The proper rule in such a case as the one under consideration is aptly stated by Mr. Freeman in his work on Judgments, § 135, as follows:

"Jurisdiction being obtained over the person and over the subject-matter, no error or irregularity in its exercise can make the judgment void. The authority to decide being shown, it cannot be divested by being improperly or incorrectly employed. Error of decision may be corrected, but not so as to reach those who in good faith relied upon its correctness."

See Seguin v. Mavrick, 24 Tex. 531, 76 Am. Dec. 117.

George H. Bean having consented to the decree adjudging the land in question to Mary Colville, and having acted thereunder as hereinbefore stated for 18 years, and for 9 years after the death of his divorced wife, Mrs. Bird, who claims under his deed, cannot attack said decree so as to reach appellees, who in good faith relied upon the same.

The court trying the cause of Bean v. Bean had jurisdiction over the parties and of the subject-matter of that suit. George H. Bean had submitted to such jurisdiction. There was evidence tending to prove that he agreed

to the decree rendered therein, accepted benefits thereunder, and permitted Mrs. Bean, the other party to the suit, and those holding under her, to rely upon the correctness of same until the death of Mrs. Bean, and for many years thereafter, without a word of protest from him. Such judgment is not void. George Bean and those claiming the land in question under his deed are now estopped and precluded from asserting the invalidity of said judgment. Connellee v. Werenskiold, 87 S. W. 747; Patrucio v. Selkirk, 160 S. W. 635; Weaver v. Vandervanter, 84 Tex. 691, 19 S. W. 889; Clayton v. Hurt, 88 Tex. 598, 600, 32 S. W. 876; Freeman on Judgments, § 135.

[2] The judgment in the case of Bean v. Bean was rendered in 1891. No action was taken by George Bean or any one for him to have it vacated until this suit was instituted in 1911, 20 years after its rendition. Any attack made upon said judgment at this late date is barred by the 4 years' statute of limitation. See Foust v. Warren, 72 S. W. 405; Watson v. Railway Co., 73 S. W. 830.

We think the judgment rendered by the trial court in this cause is sustained: First, by ample proof that appellees hold the superior legal title to the land in question; and, second, by ample proof that appellees and those under whom they claim and hold had held peaceable and adverse possession of said land for more than 10 years before this suit was filed, and therefore we overrule appellants' first assignment of error.

Appellants' second, third, fourth, and fifth assignments of error found in their brief are as follows:

Second. "The court erred to the prejudice of plaintiff in its findings of facts, eighth paragraph thereof, to the effect that plaintiffs and George H. Bean acquiesced in and ratified said judgment in the case of Bean v. Bean, because there is no testimony showing any ratification and acquiescence in said judgment that would bar this cause of action or in any manner estop or affect plaintiffs' suit."

Third. "Because the court erred in rendering a judgment for defendants herein and not rendering judgment for plaintiff, for the evidence showed conclusively that the judgment in the cause of Bean v. Bean, entered in a divorce suit attempting to divest George H. Bean, defendant, of his title, was void, and therefore such void judgment was insufficient as a muniment of title. Therefore the defendant, having failed to establish a limitation title, could not prevail against the title of plaintiffs, who showed a good title in themselves."

Fourth. "Because the court erred in rendering judgment for defendants herein and not rendering said judgment for plaintiffs in that there was a missing link in the defendants' title, they claiming through the void judgment in cause of Bean v. Bean, rendered in a divorce suit, having no pleadings upon which to base same, and the prayer to the pleadings, if sufficient, which plaintiffs deny was good, formed no part of the pleadings, and was inconsistent to the alleged facts contained therein, and the prayer could not in law make the invalid judgment in a divorce suit a valid one."

Fifth. "The court erred to the prejudice of the plaintiffs in its finding of facts, twelfth paragraph thereof, to the effect that there had been sufficient actual possession of the 57 acres of land in controversy, owned and claimed by the defendant Jesse Brack to establish title by 10 years' statute of limitation, because the actual possession proven is not sufficient to mature title under the 10 years' limitation statute, and the evidence is not sufficient to show a continuous, unbroken, adverse possession and use for 10 years, period required by law."

What has been already said fully disposes of the complaints presented by the foregoing assignments 2, 3, 4, and 5, and they and each of them are overruled.

Having considered and disposed of all of appellants' assignments of error, and finding no error in the trial of this cause in the court below, the judgment there rendered is in all things affirmed.

Affirmed.