ANTHONY GETTINS and JOHN GETTINS, Appellants, Respondents, *v.* CATHERINE BOYLE, Individually and as Executrix, etc., of MARY F. McCLEARY, Deceased, and MARY ANN MALCOLM, Respondents, Appellants.

Second Department, July 31, 1918.

**Equity — suit for specific performance of agreement to devise property — issues not raised by pleadings cannot be determined.**

Where in a suit for the specific performance of an agreement by the defendant's testatrix to devise a life estate in real estate at her death to one plaintiff and the remainder in fee to the other, in consideration of their advancing a portion of the purchase price, it appeared that after making such a will and prior to her death, the testatrix made another will revoking the first one and devising other premises to the plaintiff, who had been given a life estate by the first will, but there were no allegations in the pleadings presenting the claim of plaintiff's election to receive the premises under the second will, that issue could not be determined, and hence it was error to condition the plaintiff's relief upon his relinquishing the property devised to him by the second will.

While the maxim that he who seeks equity must do equity meets with the universal approval of the courts, they are not to determine arbitrarily what the equities are between the parties.

CROSS-APPEALS by the plaintiffs, Anthony Gettins and another, and by the defendants, Catherine Boyle, individually and as executrix, and another, from parts of a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Kings on the 23d day of April, 1918, upon the decision of the court after a trial at the Kings County Special Term.

*John P. Howard,* for the plaintiffs.

*Joseph A. Kennedy,* for the defendants.

JAYCOX, J.:

The plaintiffs contributed $3,000 toward the purchase price of the real property known as No. 235 Grand avenue, Brooklyn, N. Y. The deed for the property was taken in the name of Mary F. McCleary. This money was advanced in accordance with an agreement between the plaintiffs and Mary F. McCleary, by which it was agreed that if the plaintiffs would advance said sum of $3,000 toward the purchase price of said premises, Mary F. McCleary at her death would devise the premises to the plaintiffs — John Gettins to have a life estate therein and Anthony Gettins to have the remainder in fee. Pursuant to said agreement, said Mary F. McCleary made a will three days after the purchase of said premises, in and by which she devised a life estate in said property to John Gettins and the remainder to Anthony Gettins. This will then recites: " The above provision is so made pursuant to a verbal agreement entered into between John Gettin*g*s, Anthony Gettin*g*s and myself at the time of the purchase of above described premises and upon the payment by them of the sum of Three Thousand Dollars which sum constituted three-fifths of the price by [sic] for such property."

Thereafter, and on April 17, 1906, Mary F. McCleary purchased real property known as No. 96 Adams street, Brooklyn, N. Y. On the 23d of November, 1917, she made another will which revoked the earlier will, and in this will she devised the premises at 96 Adams street to John Gettins, the said devise to him as provided in said will being free from all expenses and transfer tax. Mary F. McCleary died November 24, 1917. The plaintiff John Gettins was a

brother-in-law of the testatrix. Anthony Gettins is a son of John Gettins and a nephew of the testatrix. No provision was made for him in the new will dated November 23, 1917. The other parties to the action, Catherine Boyle and Mary Ann Malcolm, are nieces of the testatrix. The estate of the testatrix consisted of $844.10 in the Brooklyn Savings Bank, and the two parcels of property mentioned above.

This action was brought to compel specific performance of the agreement between the testatrix and the plaintiffs. The court below has found that the plaintiffs are entitled to the relief prayed for in the complaint, but it has also found that by bringing this action the plaintiffs have elected to insist upon the Grand avenue property being conveyed to them and that as a condition of relief herein, John Gettins must relinquish the property devised to him by the will of said Mary F. McCleary. The complaint merely asked for the specific performance of the contract made by the testatrix with the plaintiffs. The answers of the defendants denied the allegations of the plaintiffs' complaint as to the agreement and interposed the defense of the Statute of Frauds. Both parties have appealed. The defendants, however, are satisfied with the judgment as entered. The plaintiffs do not find fault with the law as enunciated by the trial court, but they do say that this was not a time for the application of that law. The defendants did not by their pleadings present the issue and the parties did not litigate it. While the maxim that " he who seeks equity must do equity " meets with the universal approval of the courts, courts are not to determine arbitrarily what the equities are between the parties. The question as to what the equities are must be presented by proper pleadings and the issue thus presented determined upon the evidence. Pleadings and a distinct issue are essential in every system of jurisprudence, and there can be no orderly administration of justice without them. Litigants are entitled to know in advance the precise questions that they are required to meet at the trial, and the office of the pleading is to apprise the adverse party of the facts upon which the pleader relies to sustain his cause of action or defense. Proof without allegation is as ineffective as allegation without proof. Both are necessary to a recovery. (*Southwick* v. *First Nat. Bank of*

*Memphis,* 84 N. Y. 420; *Crane* v. *Powell,* 139 id. 379; *Wicken-heiser* v. *Colonial Bank,* 168 App. Div. 329.) The rule is the same in equity as at law. The relief afforded must conform to the case made out by the pleadings as well as the proofs. (16 Cyc. 483; *Campbell* v. *Consalus,* 25 N. Y. 613; *Bailey* v. *Ryder,* 10 id. 363; *Rome Exchange Bank* v. *Eames,* 4 Abb. Ct. App. Dec. 83; *Livingston* v. *Van Rensselaer,* 6 Wend. 63; *Stuart* v. *Mechanics' & Farmers' Bank,* 19 Johns. 496; *James* v. *M'Kernon,* 6 id. 543.) The fact that relief is given by way of condition does not change the rule. The facts upon which the condition rests must be definitely established and must be pleaded. (16 Cyc. 483.) As in this action there was no allegation in the answers of the defendants presenting the claim of plaintiffs' election, that issue was not litigated and should not have been determined.

The judgment in so far as the same directs a conveyance by the plaintiffs, should be reversed, and as modified affirmed, with costs to the plaintiffs, appellants, payable out of the estate of Mary F. McCleary, deceased.

Jenks, P. J., Thomas, Mills and Kelly, JJ., concurred.

Judgment in so far as the same directs a conveyance by the plaintiffs, reversed, and as so modified affirmed, with costs to plaintiffs, appellants, payable out of the estate of Mary F. McCleary, deceased.