## HUGGINS v. JOHNSTON.　(No. 584.)

Court of Civil Appeals of Texas.　Waco.
Dec. 8, 1927.

Rehearing Denied Jan. 19, 1928.

**1. Judgment ⬳878(2)—Purchase of judgment by one joint and several debtor held to constitute payment so as to extinguish it.**

Where plaintiff and defendant executed their joint and several note to adjust their liability as guarantors for a third person, since they were not sureties for such third person nor for each other, judgment rendered against them both jointly and severally was discharged as being paid when defendant purchased judgment from assignee thereof.

**2. Injunction ⬳130—Finding that at time defendant paid judgment plaintiff had no property and no lien securing judgment held not error.**

In suit to restrain defendant from recording abstract of judgment rendered against plaintiff and defendant and subsequently paid by defendant to transferee, finding that at time of payment plaintiff had no property and no lien existed securing judgment was not error, where defendant, to show right to subrogation, did not sustain burden to show at time of his payment of judgment that transferee held security from plaintiff or that judgment constituted lien on plaintiff's property.

**3. Contribution ⬳9(1)—Remedy of defendant paying joint judgment was on assumpsit or implied promise, not on judgment.**

Where judgment was obtained against plaintiff and defendant on a joint and several note, remedy of defendant, who paid off and discharged the judgment as against his co-obligor, was on assumpsit or implied promise of co-obligor and not on judgment which was extinguished by payment.

**4. Judgment ⬳326—Court could not by nunc pro tunc judgment grant relief neither sought nor given in original suit.**

In suit to restrain defendant from recording abstract of judgment, where defendant by cross-action sought to have court adjudicate rights of subrogation and contribution between plaintiff and defendant who were joint and several debtors, and to have such right fixed by nunc pro tunc judgment, since there was no pleading in original suit to authorize judgment disposing of rights as between parties, court could not by nunc pro tunc order grant relief neither sought nor given therein.

**5. Judgment ⬳326—Purpose of "nunc pro tunc entry" is to correctly evidence judgment, decree, or order actually made.**

The only purpose of a "nunc pro tunc entry" is to correctly evidence on records a judgment, decree, or order actually made by court but for some reason not entered of record at proper time.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Nunc Pro Tunc.]

**6. Judgment ⬳321—Right to have judgment corrected or reformed was barred by limitation of four years (Rev. St. 1925, art. 5529).**

In suit to restrain defendant from recording a judgment rendered October 7, 1919, defendant could not, by answer and cross-petition filed October 5, 1926, have judgment in original cause corrected or reformed, since suit for reformation was barred in four years under Rev. St. 1925, art. 5529.

**7. Quieting title ⬳7(4)—Canceling abstracts of void judgment and expunging them from records held proper, since they cast cloud on plaintiff's interest in land.**

In suit to restrain defendant from recording abstract of judgment rendered against plaintiff and defendant in another county and from issuing writ of garnishment or other process against purchaser of oil rights in lands in which plaintiff was interested, since payment by defendant of' judgment to transferee thereof discharged the judgment, court properly canceled abstracts of judgment and expunged them from records, where they cast cloud on plaintiff's interest in lands and mineral rights.

**8. Limitation of action ⬳49(6)—Right of judgment debtor paying judgment for contribution as against co-obligor was barred in two or four years.**

Right of judgment debtor, paying judgment rendered against him and plaintiff on joint and several note, to contribution by suit in assumpsit or implied agreement of plaintiff to reimburse for amount paid that plaintiff should have paid, was barred in two years or four years from date of judgment.

**9. Equity ⬳87(1)—Generally, courts of equity are governed by rules of limitation prevailing in analogous cases at law.**

In jurisdictions where law and equity are administered in separate forums, generally courts of equity are governed by same rules of limitation prevailing in analogous cases in action at law.

**10. Equity ⬳87(1)—Statutes of limitation are applicable whether relief sought be legal or equitable.**

Since law and equity is administered by the same court in Texas, statutes of limitation are equally applicable whether relief sought be legal or equitable.

**11. Equity ⬳66—Plaintiff was not required to pay part of judgment as condition to relief by canceling abstracts, where judgment was extinguished by payment.**

Where original judgment against plaintiff and defendant was canceled and extinguished by defendant's payment thereof to transferee, in suit to restrain defendant from recording abstracts of judgment in county where plaintiff had land and mineral rights, plaintiff was not required, as condition of granting him relief under maxim that he who seeks equity must do equity, to pay his share of the original judgment, since defendant's enforcement of an extinguished judgment was an attempt to perpetrate a wrong on plaintiff.

Appeal from District Court, Navarro County; Hawkins Scarbrough, Judge.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Suit by R. B. Johnston against W. M. Huggins. From a judgment for plaintiff, defendant appeals. Affirmed.

Davis, Jester & Tarver, of Corsicana, for appellant.

Taylor & Howell, of Corsicana, for appellee.

STANFORD, J. This suit was filed by appellee against appellant for injunction to restrain appellant from issuing or causing to be issued, recording or causing to be recorded, in Liberty or Chambers county, Tex., or elsewhere, any abstract of judgment on a certain judgment rendered in favor of plaintiff and against defendants in the cause styled Schloss Bros. v. W. M. Huggins and R. B. Johnston, No. 10653, on the docket of the district court of Navarro county, Tex., and from issuing or causing to be issued any writ of garnishment or other process for the enforcement of said judgment, as against appellee or the Humble Oil & Refining Company, which was made a party defendant to the suit. Appellee further alleged, in substance, that he was the owner of a one-sixth interest in certain lands in Liberty and Chambers counties, and that he, as administrator of the estate of Mrs. M. A. Johnston, deceased, leased said lands to said oil company for a cash bonus of $36,800; that his one-sixth interest amounted to $5,695.17; that appellant had caused abstracts of judgment to be issued on the judgment in said cause No. 10653, styled Schloss Bros. v. W. M. Huggins and R. B. Johnston, and recorded in said counties, and that said oil company required said abstracts of judgment to be released before it would pay the purchase money for said mineral lease, and that, in order to close said lease, appellee allowed said oil company to retain his one-sixth of the consideration for said lease, to wit, the sum of $5,695.17, to be paid over to appellee when said objection to the title had been met. Appellee prayed that his title to said one-sixth interest in said lands, mineral estate and bonus money coming to him be quieted, and that the apparent interest of appellee be removed as a cloud from his title. The court granted a temporary injunction, restraining appellant from doing any of the things of which complaint is made, upon appellee executing bond in the sum of $500.

Appellant, in addition to a plea to the jurisdiction, demurrers, exceptions, and general denial, pleads specifically, in substance, that on October 7, 1919, in the district court of Navarro county, in cause No. 10653, Schloss Bros. recovered a judgment against appellee and appellant herein for $4,750; that the cause of action was not primarily the obligation of either appellee or appellant; that they were mere guarantors to Schloss Bros. for the Crescent Clothing Company, which was, at the time said suit was filed, insolvent; that, after said judgment was rendered and abstract of said judgment issued and filed in

Navarro county, said judgment was bought from Schloss Bros. by J. A. Thompson for the Corsicana National Bank, and that thereafter appellant, in order to save his property from being levied upon and to protect all of his rights against appellee on said judgment, bought said judgment from the Corsicana National Bank, paying therefor the sum of $4,750, and took a transfer from the bank, and thereby acquired all the rights, liens, etc., of the original creditor; that the liens fixed by him by filing abstracts of judgment in Liberty and Chambers counties were valid liens against the interest of appellee in said lands, and appellant was entitled to have same foreclosed; that appellee had never paid any part of said judgment; that the plea of limitation by appellee had no application, as this was an equitable proceeding and all parties and the subject of the suit were before the court and the court had full power to do equity as to all the parties; that it was not necessary for appellant to have brought a separate suit against appellee on the judgment, etc.; and that he had a right to recover against appellee in this proceeding for contribution for one-half the amount of the judgment, etc.

The Humble Oil & Refining Company answered and tendered the $5,695.17 into court and prayed for attorney's fees, and that it be protected, etc. The case was tried before the court without a jury, and judgment rendered making the injunction permanent, adjudging that appellee was entitled to the money tendered into court by the oil company, decreeing appellant had acquired no lien upon the property of appellee, and ordering abstracts of judgment filed against the land in which appellee was interested canceled and appellee's title to said property quieted, etc. Appellant presents the record here for review.

Opinion.

[1] We will not undertake to consider the assignments in regular order. Under his eighth assignment and propositions presented thereunder, appellant contends, in effect, that a purchase by one joint and several debtor of a judgment for full value from a third party to whom said judgment, including all rights thereunder, had been transferred by the original judgment creditor, said judgment having been kept alive and the purchase having been made by said judgment debtor to protect his property from execution and his rights against his co-obligor in said judgment, does not constitute payment of the judgment so as to extinguish it. The court filed findings of fact and conclusions of law, and, as bearing upon the question here involved, found:

"That R. B. Johnston and W. M. Huggins, about 1916, signed a written guaranty for Crescent Clothing Company, guaranteeing a line of credit for said company to Schloss Bros., not to exceed $5,000, and that thereafter the Crescent Clothing Company went into bankruptcy. That the plaintiff, R. B. Johnston, and the defend-

ant, W. M. Huggins, herein, as a result of said guaranty, executed their written promissory note in the sum of $4,000, * * * and made the same payable on demand, and then indorsed said note to Schloss Bros., to whom said guaranty had been previously given. That they thereafter defaulted in the payment of said note, and Schloss Bros. sued the makers of said note, R. B. Johnston and W. M. Huggins, the Crescent Clothing Company not being a party to said note, in the district court of Navarro county, Tex., same being No. 10653, and, upon service being had, said R. B. Johnston and W. M. Huggins wholly defaulted and judgment was rendered against them jointly and severally for the amount of the note. * * * R. B. Johnston and W. M. Huggins, as defendants in said suit, filed no pleadings whatsoever, and the court, in rendering judgment, rendered same against Johnston and Huggins jointly and severally, and the judgment in no wise provided for subrogation of either of said parties if they paid off said judgment. Execution was issued on said judgment and placed in the hands of the sheriff, but was never served and no return made thereon. While the execution was in the hands of the sheriff, J. A. Thompson purchased said judgment from Schloss Bros., * * * taking an assignment of said judgment from Schloss Bros. A few days thereafter J. A. Thompson * * * transferred said judgment to the Corsicana National Bank and gave said bank an assignment to the same. * * * A few days after the bank acquired said judgment, W. M. Huggins, the defendant herein, paid to said bank the full amount of said judgment, paying something over $4,700, and took from said bank an assignment and transfer of said judgment. The judgment records in the district court of Navarro county was not marked as satisfied at the time W. M. Huggins paid the bank the full amount of said judgment * * * and had the same transferred to him * * * R. B. Johnston had no property whatever and no lien of any kind existed securing said judgment, and none had attached by virtue of execution issued and abstract of judgment filed in Navarro county, Tex. Said judgment was transferred to W. M. Huggins by said bank in the year 1920. W. M. Huggins brought no suit whatever against his codefendant in the original suit, R. B. Johnston, for subrogation or for contribution after he took an assignment of said judgment, and no abstract of judgment was filed in Chambers and Liberty county, where the land affected is located, until the year 1926, more than two years and more than four years after the defendant, Huggins, had taken a transfer of the judgment from the bank. In the summer of 1926, after the plaintiff in this case, R. B. Johnston, had acquired the property in question by inheritance from his mother, who had recently died, the defendant, W. M. Huggins, caused to be filed in Chambers and Liberty counties abstracts of judgment, which affected the title to the lands described in plaintiff's petition. The Humble Oil & Refining Company having purchased a mineral lease on said land in 1926 from plaintiff, R. B. Johnston, holds in its hands as the property of the plaintiff the sum of approximately $5,600, more than ample to pay off any sum of money that might be due to the defendant, Huggins, and they are, under an agreement introduced in evidence, mere stakeholders in said cause and have tendered the amount of money into court to be paid as directed by the court."

The above findings of fact by the trial court are not assailed by appellant, except in two unimportant particulars, to which reference will hereafter be made. As we view the case, the controlling question is, Did the payment by appellant of the original judgment to the Corsicana National Bank discharge and extinguish said judgment? It is true, in the original transaction both appellant and appellee were guarantors for the Crescent Clothing Company to Schloss Bros. to not exceeding $5,000, but said company was adjudged a bankrupt, and, to adjust their liability to Schloss Bros. on their guaranty, appellant and appellee executed their joint and several note to Schloss Bros. for $4,000. In the execution of this note, the Crescent Clothing Company not having signed same, they were not sureties for said clothing company. Neither was either of them surety for the other, as between themselves and Schloss Bros. As between themselves there was an implied obligation that each would pay his part. They defaulted in the payment, and Schloss Bros. sued on same. Appellant and appellee, by proper pleading and evidence, could have had their rights as between themselves adjudicated and the judgment to provide in case either paid more than his part, then such party should have execution over against the other for the excess so paid; but they filed no pleading, and judgment was rendered in favor of Schloss Bros. against both, jointly and severally, on October 7, 1919. The judgment was afterwards transferred by Schloss Bros. to J. A. Thompson, and by Thompson to the Corsicana National Bank, but these transfers we think have no bearing upon the question here involved. While the Corsicana National Bank was the owner of said judgment, on February 10, 1920, appellant, one of the joint obligors in said judgment, paid said judgment in full to the then owner of same and had same transferred to himself. It is true, if the record had shown that Schloss Bros., while they owned the judgment, and the bank, after it was transferred to it, had held security from R. B. Johnston for the payment of said indebtedness, or if the debt or judgment itself constituted a lien upon the property of R. B. Johnston, or if from its nature said debt or judgment was entitled to priority in payment of other debts of R. B. Johnston, then probably appellant would have been entitled to be subrogated to such security, liens, etc., to the extent that he made payment in excess of the pro rata part jointly owing by him—this upon grounds of equitable subrogation. Faires v. Cockrell, 88 Tex. 428, 31 S. W. 194, 639, 28 L. R. A. 528; Moore v. Jenkins, 109 Tex. 461, 211 S. W. 975.

[2, 3] The court found that, at the time appellant paid the judgment, appellee had no property, and that no lien of any kind existed

securing said judgment. Appellant contends this finding is not supported by the evidence. We think there is evidence to support such finding, but, if not, no error is shown, for, in order to show a right to subrogation under the facts of this case, the burden was upon appellant to show by pleadings and evidence such liens or securities as to bring the case within the rule of equitable subrogation. The fact that execution was issued while Schloss Bros. owned said judgment, and said judgment was thereby prevented from becoming dormant, was not sufficient. The fact that Schloss Bros., while owning said judgment, had an abstract issued and recorded in Navarro county was immaterial, in the absence of evidence showing that R. B. Johnston owned real estate in said county. It is immaterial whether or not appellee owned real estate in Liberty or Chambers counties, for no abstract of said judgment was filed in either of said counties until five or six years after appellant had paid said judgment. Appellant and appellee having been joint and several obligors on the original note for $4,000 held by Schloss Bros., and as to Schloss Bros. each being primarily liable therefor, and Schloss Bros. having sued them on said note as joint and several obligors, and having recovered judgment against them as such with no adjudication of their rights as between themselves, and there not appearing to be any liens, etc., to take the case out of the general rule of law, the payment of said judgment, a primary obligation, by appellant, wholly paid off and extinguished said judgment, although such was not the intention of appellant or the owner of said judgment at the time of its payment. Appellant having paid off and discharged said judgment, his remedy against his co-obligor, R. B. Johnston, was on assumpsit or an implied promise of Johnson, and not on the judgment which was extinguished by such payment. Faires v. Cockrell et al., 88 Tex. 428, 31 S. W. 190, 639, 28 L. R. A. 528; Tarlton v. Orr et al., 40 Tex. Civ. App. 410, 90 S. W. 534 (writ refused); Polk v. Seale (Tex. Civ. App.) 144 S. W. 329; Key et al. v. Oates et al. (Tex. Civ. App.) 280 S. W. 286 (writ refused); Hadad et al. v. Ellison (Tex. Civ. App.) 283 S. W. 193; Moore et al. v. Jenkins, 109 Tex. 461, 211 S. W. 975; Nelson v. Webster, 72 Neb. 332, 100 N. W. 411, 117 Am. St. Rep. 799, 68 L. R. A. 514, and note; Freeman on Judgments, vol. 2, § 1133; 25 R. C. L. p. 1391, § 74.

[4-6] Appellant, by cross-action, sought in this suit to have the court adjudicate the rights of subrogation and contribution between appellant and appellee, who were joint and several judgment debtors in the original judgment, and sought to have such right fixed by nunc pro tunc judgment to the extent of the excess paid by appellant. To this cross-action, appellee interposed the defense of limitation of two and four years. There was no

pleading by either appellant or appellee in the original suit to authorize a judgment disposing of their rights as between themselves, and the court could not by nunc pro tunc order grant relief neither sought nor given in the original suit. The only purpose of a nunc pro tunc entry is to correctly evidence upon the records of the court a judgment, decree or order actually made by the court, but for some reason not entered of record at the proper time. Finnigan-Brown Co. v. Escobar (Tex. Civ. App.) 192 S. W. 256; T. & N. O. R. Co. v. Turner (Tex. Civ. App.) 193 S. W. 1087. It is also true appellant was not entitled to have the judgment in the original cause corrected or reformed in this case, because same was barred by our statute of limitation of four years, which was duly pleaded. Said original judgment was rendered October 7, 1919. Appellant's answer and cross-action to reform was not filed until October 5, 1926. Article 5529, Revised Statutes 1925; Bowling v. Blum (Tex. Civ. App.) 52 S. W. 97; McLane v. San Antonio Nat. Bank (Tex. Civ. App.) 68 S. W. 65; Watson v. T. & P. R. Co. (Tex. Civ. App.) 73 S. W. 830; Bird v. Palmetto Lbr. Co. (Tex. Civ. App.) 176 S. W. 610; Kirtley v. Spencer (Tex. Civ. App.) 222 S. W. 328; Gulf Production Co. v. Palmer (Tex. Civ. App.) 230 S. W. 1017.

[7-10] Under other assignments, appellant contends, in effect, that, as the court had jurisdiction of the fund in controversy and of all the parties interested in same, and as this was an equitable proceeding instituted by appellee to restrain the enforcement of a judgment, that limitation had no application, and it was the duty of the court in this case to adjudicate appellant's right to contribution from appellee for one-half the amount of the judgment paid by appellant, and order same paid out of said fund, and to dissolve the temporary injunction, etc. When appellant paid the judgment on February 10, 1920, said judgment was extinguished, satisfied, and of no further force or effect, although there was nothing on the face of the record to so indicate. Said judgment being satisfied, the abstracts on same issued and recorded in Liberty and Chambers counties by appellant, in his efforts to enforce said judgment against appellee, were void, and, though void, same cast a cloud upon appellee's interest in lands and the mineral rights therein in said counties, so the court was correct in canceling said abstracts of judgment and expunging same from the records of Liberty and Chambers counties, and perpetually enjoining appellant from attempting further to enforce said extinguished judgment against appellee. As above stated, on paying said judgment on February 10, 1920, a cause of action arose in favor of appellant against appellee for contribution, but this required a separate suit in assumpsit or on the implied agreement of appellee to reimburse appellant for the amount paid that ap-

pellee should have paid, but no such suit was ever brought and no such relief ever asked until appellant's cross-bill was filed in this case in 1926. Appellant's right to maintain such suit was barred in two years, or at any rate within four years from the date of payment, February 10, 1920. In jurisdictions where law and equity are administered in separate forums, the general rule is that courts of equity will be governed by the same rules of limitation that prevail in analogous cases in actions at law. Ours being a blended system—the same court administering both law and equity—our statutes of limitation are equally applicable, whether the relief sought be legal or equitable. Munson v. Hallowell, 26 Tex. 475, 84 Am. Dec. 582; New York & T. Land Co. et al. v. Hyland et al., 8 Tex. Civ. App. 601, 28 S. W. 206; Faires v. Cockrell, supra; Watson et ux. v. T. & P. R. Co. (Tex. Civ. App.) 73 S. W. 830; Smith v. Fly, 24 Tex. 345, 76 Am. Dec. 109; Walker v. Emerson, 20 Tex. 706, 73 Am. Dec. 207; Davis et al. v. Howe (Tex. Com. App.) 213 S. W. 609; 37 C. J. p. 791, § 132; 17 R. C. L. p. 736, §§ 99 and 100.

[11] But appellant contends that, as this was an equitable proceeding on the part of appellee, the court should have applied the equity maxim, "He who seeks equity must do equity," and required appellee to pay his part of said original judgment as a condition of granting him any relief. This maxim, it is thought, has no application here. As above stated, the original judgment was satisfied and extinguished by its payment in 1920, and was of no further force or effect. The abstracts issued on same in 1926 were void. Appellant, in attempting to enforce said extinguished judgment, was perpetrating a positive wrong—be clouding appellee's title to his lands in Liberty and Chambers counties by abstracts that were void because issued on a satisfied, extinguished judgment. Appellee's suit was to cancel these apparent judgment liens, to remove any cloud on the title to said lands, and to enjoin appellant from further wrongfully attempting to enforce said extinguished judgment. Appellant contended by virtue of said abstracts he had a lien on the Liberty and Chambers county lands, and especially the proceeds of the sale of the mineral in same—the money tendered into court. If he had had an enforceable lien on said lands or the proceeds of the sale of same, then said maxim would apply, but he had no such lien. His claimed right to equitable relief did not arise by any kind of an interest in said lands or the proceeds of the sale of same, which constituted the subject-matter of this suit, but out of a prior transaction, his paying the original judgment some six years prior to the time the subject-matter of this suit came into existence. Appellee was clearly entitled to equitable relief

against appellant's unlawful conduct in harassing him with void abstracts, executions, etc., issued on an extinguished judgment, and as a condition to such relief the court had no right to arbitrarily compel him to surrender to appellant something which the latter could not have compelled by some proceeding either at law or in equity. Otis v. Gregory, 111 Ind. 504, 13 N. E. 39; Alexander v. Shaffer, 38 Neb. 812, 57 N. W. 541; Gettins v. Boyle, 184 App. Div. 499, 171 N. Y. S. 711; 26 C. J. p. 776, § 154, and notes; 10 R. C. L. p. 392 et seq. § 141; volume 1, Pomeroy Eq. Jur. (2d Ed.) §§ 385 and 386, and note.

We have carefully considered all of appellant's assignments, and, finding no reversible error, overrule all of them. However much we may desire to grant appellant relief, we are not at liberty to do otherwise than follow the law as we understand it.

The judgment of the trial court is affirmed.