## ROOS v. TEXAS CO.
### No. 6941.

Circuit Court of Appeals, Fifth Circuit.
Dec. 28, 1933.

Rehearing Denied Feb. 3, 1934.

R. L. Batts, of Austin, Tex., and J. B. Lewright, of San Antonio, Tex., for appellant.

Howard Templeton and S. J. Brooks, both of San Antonio, Tex., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

This is an ancillary bill by Edward Roos seeking a decree against the Texas Company, a Delaware corporation, for upwards of $1,500,000, besides interest, the amount of a judgment recovered by him March 26, 1927, against the Texas Company of Mexico, S. A., a Mexican corporation, in the main suit. It was dismissed on motion on the ground that the relief sought had been passed upon and denied in the main suit. Roos appeals and thereby adds another chapter to long drawn out litigation over the proceeds of an oil well in Mexico. The previous history of the case is attempted to be stated in Conn v. Roos (C. C. A.) 14 F.(2d) 64, and in Texas Company of Mexico, S. A., v. Roos (C. C. A.) 43 F.(2d) 1. Appellee, the Delaware corporation, is now proceeded against because, as is alleged, upon its incorporation in 1927 there was conveyed to it by the Texas Company, a Texas corporation, all the latter's property and assets, in consideration of which it assumed and agreed to pay all the grantor's debts and outstanding liabilities. The case made by Roos against appellee's predecessor, the Texas corporation, hereinafter called the Texas company, is this: The Texas company organized and subscribed for all the capital stock of the Mexican company. On its stock subscription it owes a balance of $900,000, which is a trust fund for the benefit of creditors. It appropriated a reserve fund amounting to $555,000, which the Mexican company had set aside pursuant to a requirement of its charter and of the laws of Mexico. As sole stockholder it required the Mexican company to declare dividends of $9,000,000, which the latter had not earned and did not have. It took credit for the amount of the dividend on its books, and appropriated that amount of money unto itself as sole stockholder as an offset against what it admittedly owed the Mexican company for oil. As a result of these acts of omission and commission on the part of the Texas company, the Mexican company was rendered hopelessly insolvent, executions on the judgment in the main suit in favor of Roos and against the Mexican company having been returned nulla bona both in Mexico and in Texas. Roos is the only creditor of the Mexican company. On this state of facts Roos contends that he is entitled to have his judgment against the Mexican company satisfied out of its assets in appellee's possession, and, since those assets are more than sufficient to satisfy his judgment, he is further entitled to judgment over against appellee. To defeat him, appellee appeals to the doctrine of "the law of the case." It further insists that he should be remitted to his remedy in the courts of Mexico for recovery of the balance due on the Texas company's subscription for the capital stock of the Mexican company, and for recovery of the reserve fund which the Mexican company was obliged to set aside under its charter and pursuant to the laws of Mexico. Notwithstanding these

objections of appellee, which were successfully maintained in the District Court on its motion to dismiss the ancillary bill, we are of opinion that Roos states such a case as entitles him to the relief for which he prays in this proceeding, and that, if he is able to prove what he alleges, he has the right to a judgment over against appellee for the full amount of the judgment with interest which he recovered against the Mexican company.

As to the law of the case: The Texas company was not a party defendant in the main suit. As will appear from our former decisions, Roos was unsuccessful in his effort to bring that company into the main suit and obtain a judgment against it. It is true that he there alleged and offered evidence to prove some of the things he now alleges and offers to prove. Aside from any question of the right of one who is not a party to litigation to claim a benefit from it, although he is usually quick to deny any liability under it, there is a great and vital difference between the relief sought on the one hand in the main suit and on the other in the ancillary bill in this suit, in this, that in the former Roos did not allege or prove that the Mexican company was insolvent, though the Mexican company alleged that it was financially able to pay any amount which was shown to be owing by it to Roos on an accounting between them; whereas in the latter it is distinctly and positively alleged as the basis of recovery that the Mexican company is insolvent. The purpose Roos had in the main suit in complaining of the Texas company's failure to pay the balance on the stock subscription, of its appropriation of the reserve fund, and of its having the Mexican company to declare an unwarranted dividend, was to prove that the Mexican company was but the mere instrumentality of the Texas company, and that the latter was therefore responsible to him wholly apart from the question of the solvency or insolvency of the former. All that was decided on this subject in the main suit was that the Texas company was not liable as a contracting party for a breach of the Mexican company's contract in the development of the oil lease, or in the sale of oil produced from the well in which Roos was interested. The question whether the Texas company was or would be liable for any judgment which Roos might obtain against the Mexican company was not, nor could it under the pleadings have been, a question at issue. In the main suit the Texas company was sought to be held liable for what its subsidiary, the Mexican company, had done. In this ancillary bill liability is asserted for what the Texas company itself has done. There has been no ruling asked for or made in all this long litigation to the effect that the Texas company would not be liable to Roos for the value of assets of the Mexican company which it has in its possession upon a showing that the Mexican company was insolvent and therefore unable to pay Roos the amount of his claim.

According to the averments of the ancillary bill, the Texas company's successor, the Delaware corporation, owes the Mexican company on an unpaid stock subscription, and besides has in its hands a reserve fund accumulated by the Mexican company. The money it owes is owed in the United States, and the reserve fund it has in its possession is in the United States. In these circumstances it would be most unreasonable to send Roos into Mexico, there to proceed against a corporation which has no assets but is wholly insolvent.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

### On Petition for Rehearing.

In the opinion in this case appears the statement that upon executions on the judgment in the main suit in favor of Roos and against the Mexican company, there had been a return of nulla bona in Mexico. That statement is challenged in the petition of the Mexican company for rehearing; and it is withdrawn, since it now appears that the ancillary bill alleges that returns of nulla bona on executions were made only in Texas. This statement, though erroneous, was without any controlling effect upon our decision, since the bill alleges the utter insolvency of the Mexican company and the impossibility of realizing any substantial amount upon executions issued against it either in Mexico or in the United States. In these circumstances it would be futile and but an idle ceremony to sue out an execution in Mexico and have it returned nulla bona.

The petition for rehearing is denied.