**ROOS v. TEXAS CO. et al.**

No. 9797.

Circuit Court of Appeals, Fifth Circuit.

Feb. 5, 1942.

Sidney L. Herold, of Shreveport, La., and Carl Wright Johnson and Woodville J. Rogers, both of San Antonio, Tex., for appellant.

Brady Cole and C. R. Wharton, both of Houston, Tex., for appellees.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

In April, 1915, Edward Roos obtained from Victor Obando an option to purchase an oil lease of lands in Mexico. Roos exercised his option, and on May 10, 1915, in accordance with previous arrangements, the lease was assigned to R. E. Brooks, who was acting for The Texas Company, a Texas corporation. The lease proved to be very valuable, and the interests of Roos and other parties to the transaction gave rise to numerous disputes and disagreements resulting in almost endless litigation. The present appeal adds another chapter to that round of long, drawn out litigation, and may be best understood by reference to former opinions which set out the facts in detail. See Conn v. Roos, 5 Cir., 14 F.2d 64; Roos v. Texas Co., 2 Cir., 23 F.2d 171; Texas Company of Mexico, S. A. v. Roos (And Reverse Title), 5 Cir., 43 F.2d 1, certiorari denied 282 U.S. 902, 51 S.Ct. 216, 75 L.Ed. 794; Roos v. Texas Co., 5 Cir., 68 F.2d 321, certiorari denied 292 U.S. 649, 54 S.Ct. 859, 78 L.Ed. 1499; Roos v. Texas Co., D.C., 20 F.Supp. 75; Texas Co. v. Roos, 5 Cir., 93 F.2d 380.

On March 26, 1927, after several years of proceedings extending from the December, 1920, term, the district court entered a decree in favor of Roos against The Texas Company of Mexico, S. A., for the sum of $1,500,672.70, the amount found to be due on an accounting for oil operations. The court found in favor of the Mexican Company on the other issues, but reserved for "future consideration and determination" the following issues between Roos and the Mexican Company:

"1. The matter of accounting by the defendant, The Texas Company of Mexico, S. A., to the defendant Roos, in respect of operations on and oil actually produced from the Obando leases by said defendant Company since the 31st day of January, 1922.

"2. The cause of action arising since July 31, 1921, alleged by defendant Roos in the 'First Supplemental Answer of Edward Roos in reply to pleadings of Texas Company of Mexico, S. A.', filed April 28th, 1922, —and any amendment thereof or supplement thereto as may be allowed by the Court as to cause or causes of action arising after July 31st, 1921; except that this reservation shall not affect the order this day made on the Roos pleas and motions to make the Texas Company a party."

Both Roos and the Mexican Company appealed from the final decree of March 26, 1927, and on September 3, 1930, this court affirmed the decree, 5 Cir., 43 F.2d 1, and certiorari was denied by the Supreme Court on February 2, 1931, 282 U.S. 902, 51 S.Ct.

216, 75 L.Ed. 794. After affirmance of the decree, Roos had difficulty in collecting his judgment against the Mexican Company. He thereupon on February 28, 1931, filed an ancillary bill against The Texas Company of Delaware which had in 1927 taken over the assets and liabilities of the Mexican Company's parent corporation, The Texas Company of Texas. After extended litigation in the ancillary proceedings, Roos finally recovered judgment over against The Texas Company of Delaware for approximately $2,500,000, being principal and interest on the judgment against the Mexican Company. An appeal was taken and the judgment was affirmed by this court on December 7, 1937, and was paid by the Delaware Corporation. Texas Co. v. Roos, 5 Cir., 93 F.2d 380.

Roos made no effort to bring to trial the issues reserved for "future consideration and determination" until October 15, 1937, when the court allowed him to file a pleading styled a "Second Supplemental Answer" —this case. He then sought to take advantage of the reservations in the decree of March 26, 1927. Asserting the reservations above quoted, he set up claims for damages alleging that the Mexican Company was liable to him "for the reasons and causes set out in the 'first supplemental answer * * *', filed herein on April 28, 1922." He alleged conversion of monies and assets by the Delaware Corporation; that the Mexican Company had failed and refused to flow the Obando wells to their "full and reasonable potential capacity"; that it had failed and refused to drill additional wells in disregard of its "contract duties and its obligations as a trustee"; and that wells on adjoining and nearby leases had drained oil from the pool underlying the Obando property, "taking oil which could, should and would have been taken by The Texas Company of Mexico, S. A., * * * save and except for the wrongful and fraudulent conduct of said company as aforesaid, in failing to flow the Obando wells to their full potential capacity and also in failing to drill additional wells on said Obando leases last above mentioned." He thereupon claimed damages amounting to several million dollars. By this so-called "Second Supplemental Answer" he further sought to implead the Delaware Corporation for the purpose of determining its secondary liability on the issues presented.

The Mexican and Delaware corporations filed answers and alleged among other things that the matters and claims set up in Roos' pleading had been previously adjudicated; that the claims for damages were barred by the two and four year statutes of limitation of Texas; and that the pleading "In so far, if at all, it presents an action in equity it shows no equity because of laches."

After a pre-trial hearing, and upon stipulation of the parties, the cause was set down for trial upon the pleas of former adjudication, and limitation and laches. The case was then tried before the court without a jury, and at the close of the evidence the court entered findings of fact and conclusions of law. He found that soon after the entry of the decree of March 26, 1927, Roos abandoned any claim against the Mexican Company other than the money judgment; that by reason of the long lapse of time during which Roos failed to prosecute his claim, the defendants would be seriously hampered in producing evidence that they would have produced had the claim been more diligently prosecuted; and that the claim and suit of Roos, "against both the Mexican Corporation and the Delaware Corporation, not disposed of by the Decree of March 26, 1927, is barred by the Texas Statutes of Limitation because of the long delay in prosecuting same and this is true whether Roos' action is at law or in equity."

The appellant contends that his is a proceeding exclusively cognizable in equity, and that the federal court will not enforce state statutes of limitation in such actions. This contention is without merit. The Supreme Court has recently exploded the notion that state statutes of limitation may not be applied in equitable causes in federal courts, especially where, as here, there is a statute of limitation applicable to like causes of action tried in the state courts. Russell v. Todd, 309 U.S. 280, 60 S.Ct. 527, 84 L.Ed. 754; Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188, 114 A.L.R. 1487; Ruhlin v. New York Life Ins. Co., 304 U.S. 202, 204, 58 S.Ct. 860, 82 L.Ed. 1290. That statutes of limitation are applicable to equitable causes in Texas is clear. Texas has a blended system of jurisprudence, the same court administering both legal and equitable causes, and it has long been settled that the statutes of limitation of the state are "equally applicable, whether the relief sought be legal or equitable." Huggins v. Johnston, Tex.Civ.App., 3 S.W.2d 937, 941: Massie

v. DeShields, Tex.Civ.App., 62 S.W.2d 322, 325(10).

The liability of The Texas Company of Delaware, if any, is admittedly secondary. The claims against the Mexican Company are for damages for failure to flow the Obando wells to their full capacity, and for failure to drill other wells in violation of "its contract duties and its obligations as a trustee". In substance these claims present an action at law for damages, and are under any view of the case barred by Articles 5526 and 5527 of the Revised Civil Statutes of Texas which provide: (1) A two year bar for actions of "trespass for injury done to the estate or the property of another", actions for detaining and converting the personal property of another and actions for debt where the indebtedness is not evidenced by a contract in writing; and (2) a four year bar for actions for debt "where the indebtedness is evidenced by or founded upon any contract in writing." These statutes cover the very claims presented by Roos in this proceeding. Also see Article 5529, Revised Civil Statutes of Texas.

After the coming down of the opinion of this court affirming the decree of March 26, 1927, Roos diligently went about the collection of his money judgment, but for more than six years after certiorari had been denied by the Supreme Court, 282 U. S. 902, 51 S.Ct. 216, 75 L.Ed. 794, he failed to prosecute the issues reserved to him in the decree which had become final. Time passed and the 1920 term of court which had been extended from year to year was allowed to expire on April 30, 1928. The Obando wells ceased to produce. Lawyers and witnesses have died, and "employees who would have been witnesses are scattered and gone". In the normal course of events through the years evidence became lost or obscured, and many of the records were in Mexico and not available. Time has taken its toll, and facts that could have once been brought clearly to the fore are no longer available as evidence. We agree with the court below that the facts show that the defendant companies would be seriously hampered in producing all the evidence they could have produced had the claims been more diligently prosecuted.

Roos has by his own neglect and delay permitted the reserved issues to become stale and unenforcible, and the law will not allow him to resurrect those issues which he negligently permitted to die. The findings of the trial court are fully supported by the record, and the holding that the claims are barred is in accordance with the law applicable to this case.

The judgment is affirmed.