## M. J. WOOD ET AL. v. T. H. LENOX ET AL.

### No. 39.

1. **Suit to Set Aside Judgment.**—In an action to review a judgment rendered at a former term, and to enjoin proceedings thereunder, it is not enough for the party seeking relief to show irregularities, that injustice has been done him, and that he has a meritorious cause of action or defense; he must also show that he was prevented from prosecuting his cause of action, or interposing his defense, by fraud, accident, or the acts of the opposing party, wholly unmixed with any fault or negligence of his own.

2. **Change of Venue—Jurisdiction.**—When the venue of a case pending in the County Court is changed to a county whose County Court is abolished, it is proper for the District Court of the county to which the cause is removed to entertain jurisdiction.

3. **Same—Reconvention.**—When the case reaches such county to which it is removed, the jurisdiction of the District Court attaches, and is the same as to the matters involved as though the action had originally been brought in that court, and no notice of a plea in reconvention filed in the District Court after change of venue is required.

ERROR from Cass.  Tried below before Hon. JOHN L. SHEPPARD.

*Horace Vaughan*, for plaintiffs in error.—1.  The court erred in over-ruling the defendants' general demurrer to plaintiff's petition and bill for injunction; for this:

(1)  The said petition failed and fails to show that the District Court of Cass County, Texas, did not have jurisdiction to render the judgment on September 11, 1889, which is sought to be annulled by this suit; but on the contrary, shows that it did have jurisdiction to do so, and over the defendants' plea of reconvention filed in said cause.

(2)  Petition shows that no fraud or undue advantage was taken of plaintiff in the trial of said cause, judgment wherein plaintiff complains against.

(3)  Said petition shows that plaintiff was inexcusably negligent in prosecuting his said cause of action against defendants, in that he failed to swear to his accounts therein sued upon and verify the same according to law, and failed to have his depositions taken before leaving for Europe on an extended and long trip, knowing that the same would be long and extended, and that a term of court would intervene between his depart-ure and return, and that he would be absent when said cause would be tried; and knowing, as the petition shows plaintiff knew, that the defend-ants intended to fight said cause, and had employed counsel to do so.

(4)  Said petition fails to show that it was necessary for plaintiff to be present at said trial in order to secure his rights in said petition claimed, or that had plaintiff been present he could have established the allega-tions in said petition by testimony on said trial on September 11, 1889. Sayles' Civ. Stats., art. 1117, sec. 6, art. 1126, and note 1; Const., art. 5, sec. 22; Rev. Stats., arts. 1271–1273, 1454, 1455; Sayles' Civ. Stats., art. 1172f, sec. 2; Musgrove v. Chambers, 12 Texas, 32; 25 Texas, 414; Long v. Smith, 39 Texas, 160; Bryorly v. Clark, 48 Texas, 345; Manning v. Hunt, 36 Texas, 118; Johnson v. Templeton, 60 Texas, 238; Nevins v. McKee, 61 Texas, 412; 77 Ill., 143; Coates v. Caldwell, 71 Texas, 19; Sharp v. Schmidt, 62 Texas, 263; 1 High on Inj., secs. 173–189.

2.  Whenever the applicant for injunction attempts to set up fraud, ac-cident, or mistake as a ground therefor, he must show that he was in no way responsible for bringing it about, either by his negligence or by his willful act, and that the opposite party is responsible therefor.  Nevins v. McKee, 61 Texas, 412; Hendrickson v. Hinckley, 17 How., 443; Ins. Co. v. Hodgson, 7 Cranch, 332; Day v. Cummings, 19 Vt., 496; Warner v. Conant, 24 Vt., 351; Burton v. Wiley, 26 Vt., 430; Emerson v. Udall, 13 Vt., 477; Powell v. Stewart, 17 Ala., 719; Jamison v. May, 13 Ark., 600; Gray v. Burton, 62 Mich., 186; Duncan v. Gibson, 45 Mo., 352; Crim v. Handley, 94 U. S., 652; Cleveland v. Tufts, 69 Texas, 580; Smith v. Hardin, 68 Texas, 120; Gassert v. Bogk, 7 Mont., 585;

Goodhue v. People, 94 Ill., 37; McHenry's Lessee v. Wallace, 2 Yerg., 441; St. Albans v. Bush, 4 Vt., 58; Tickout v. Silley, 3 Vt., 415; Mc-Caulay v. The State, 21 Md., 569; Fowler v. Lee, 10 Hill & J., 358; Evart v. Warner Bank, 58 N. H., 340; Kersey v. Rash, 3 Del. Ch., 321; Walker v. Gurley, 83 N. C., 429; Caloway v. Alexander, 8 Leigh, 114; Ivey v. McConnell, 21 S. W. Rep., 403; Harn v. Phelps, 65 Texas, 597; Melton v. Lewis, 74 Texas, 411; Clegg v. Darragh, 63 Texas, 361; Eddleman v. McGlathery, 74 Texas, 280; Montgomery v. Carlton, 56 Texas, 431; Brownson v. Reynolds, 77 Texas, 254; Burnley v. Rice, Adams & Co., 21 Texas, 182; Merrell v. Roberts, 78 Texas, 28; Holcomb v. Kelley, 57 Texas, 620; Browning v. Pumphrey, 81 Texas, 163; Plummer v. Powers, 29 Texas, 14; Anderson v. Oldham & Ward, 82 Texas, 228; Goss v. McClaren, 17 Texas, 107; Weaver v. Vandervanter, 84 Texas, 691; Bryorly v. Clark, 48 Texas, 345; Jordon v. Corley, 42 Texas, 284; Smith v. Lowry, 1 Johns. Ch., 320.

*Todd & Hudgins*, for defendants in error.—1. The allegations of the petition in this case are sufficient to warrant the court in granting the relief asked and to support the judgment rendered.    Roller v. Woolridge, 46 Texas, 485; Taylor v. Fore, 42 Texas, 256; Ragsdale v. Greene, 36 Texas, 194; 74 Texas, 281; 67 Texas, 655; 70 Texas, 636; 72 Texas, 21.

2. The statutes of this State regulating change of venue in civil cases do not contemplate or warrant the removal of a cause from the County Court of one county directly to the District Court of another county. Rev. Stats., arts. 1270–1275.

3. The venue having been changed to the District Court of Cass County, that court was without authority to permit defendants to set up a new cause of action in reconvention, without notice to the plaintiff, and render judgment thereon for an amount in excess of the jurisdiction of the County Court from which the case was removed.    Rev. Stats., arts. 1162, and notes, 1270–1275.

On motion for rehearing they cited:   McMurray v. McMurray, 67 Texas, 669, and authorities; Laithe v. McDonald, 12 Kans., 346.

RAINEY, ASSOCIATE JUSTICE. — In September, 1888, T. H. Lenox, one of the defendants in error, brought suit in the County Court of Bowie County against M. J. and S. C. Wood, plaintiffs in error, to recover of them $423.52, and to foreclose a mortgage upon certain property therein described.   A writ of sequestration was issued and levied upon same.   In January, 1889, the court house of Bowie County was destroyed by fire, and afterwards the attorney for the Woods informed Lenox that the papers in the case had been destroyed by said fire.

At the April Term of said County Court the papers were produced by Woods' attorney, and the cause continued on account of the sickness of

said attorney. The papers were at that time delivered to Lenox's attorneys, and kept by them until the July Term, and were brought into court at that time by order of the court. At said term a change of venue was granted at the instance of the Woods, and the cause was transferred to the District Court of Cass County, the County Court of said county having been abolished. The attorneys of Lenox had notice of the motion to change venue. After the case reached the District Court of Cass County, the Woods, by leave of court, amended their answer, and reconvened for damages for the wrongful seizure of their property, the amount claimed being $2355. The Woods demanded a jury, paid the fee, and had the case put on the jury docket. By agreement of counsel, the case was set for trial September 11, 1889. On that day the case was regularly reached on call of the docket. Lenox and his attorneys failed to appear. The case was withdrawn from the jury, and a judgment was rendered against Lenox and his sureties on sequestration bond for $1055, the value of the property seized. Lenox, as he claims, on account of delicate health and under the advice of his physician, in May of that year left for Europe, and remained away until after said judgment was rendered.

On October 9, 1889, Lenox and his bondsmen instituted this suit to set aside said judgment and enjoin its enforcement, and also to recover as prayed for in the original action. A trial was had without a jury, resulting in a judgment for defendants in error as prayed for; from which this writ of error is prosecuted.

That an action may be instituted to review a judgment rendered at a former term of court and to enjoin proceedings thereunder, has been often adjudicated in this State. But in order to invoke the equitable powers of the court to grant relief in such cases, it is not enough for the party seeking relief to show that irregularities were committed by the court in the trial of the cause, and that he has a meritorious cause of action or defense, but he must also show that something more than injustice has been done him. He must show that he was prevented from prosecuting his cause of action, or interposing his defense, by "fraud, accident, or the acts of the opposing party, wholly unmixed with any fault or negligence of his own."

In Johnson v. Templeton, 60 Texas, 238, the court, in passing upon a similar case, says: "Such bills seeking relief from final judgments, solemnly rendered in the due and ordinary course of the administration of justice by courts of competent jurisdiction, are always watched by courts of equity with extreme jealousy, and the grounds upon which interference will be allowed are confessedly narrow and restricted. It will not be sufficient to show that injustice has been done by the judgment sought to be enjoined. It must further distinctly and clearly appear that this result was not caused by any inattention or negligence on the part of the

person aggrieved; and he must, among other matters, show a clear case of diligence and of merit to obtain the interference of a court of equity in his behalf at such a stage of the case."

In Nevins v. McKee, 61 Texas, 413, Justice Willie, in discussing this same question, says: "A court of chancery has power to grant such relief, but it will not do so except upon facts which show the clearest and strongest reasons for its interposition." Citing Johnson v. Templeton, supra, from which he quotes approvingly. This doctrine is fully supported by Roller v. Wooldridge, 46 Texas, 485; Taylor, Knapp & Co. v. Fore, 42 Texas, 256; Crawford v. Wingfield, 25 Texas, 416; Musgrove v. Chambers, 12 Texas, 32; Weaver v. Vandervanter, 84 Texas, 691; Harn v. Phelps, 65 Texas, 597; Eddleman v. McGlathery, 74 Texas, 281.

The diligence required to be used to prevent the injury is such as prudent and careful men would ordinarily use in their own cases of equal importance. When this standard has not been reached, equity will give no relief. Taylor, Knapp & Co. v. Fore, supra. Has Lenox brought himself within the rules above laid down?

Two propositions raised by him go to the jurisdiction of the District Court to render the judgment in the original case of Lenox v. Woods. The first is: "The statutes of the State regulating change of venue in civil cases do not contemplate or warrant the removal of a cause from the County Court of one county directly to the District Court of another county."

The statutes contemplate the removal of causes from one county to another under circumstances prescribed, and that the court having jurisdiction of the subject matter in the county to which said cause was removed will take jurisdiction of the case. The County Court of Cass County having been abolished when the case reached that county, the District Court having jurisdiction of such cases, properly entertained jurisdiction of that case; and such is the evident contemplation of the law.

The second proposition is: "The venue having been changed to the District Court of Cass County, that court was without authority to permit defendant to set up a new cause of action in reconvention, without notice to the plaintiff, and render judgment thereon for an amount in excess of the jurisdiction of the County Court, from which the case was removed."

We know of no law, nor have the appellees cited us to any, that requires notice to be given to plaintiff of a plea in reconvention filed by the defendant.

When the cause reached Cass County the District Court's jurisdiction attached to it, and its jurisdiction of the matters therein involved was the same as though the action had been originally brought in that court. Smith v. Hardin, 68 Texas, 120; Cleveland v. Tufts, 69 Texas, 580.

The other errors complained of in the proceeding of the original suit,

at most, are mere irregularities, which we do not deem it necessary to notice, unless we should conclude that the judgment was rendered against Lenox in that suit without fault or negligence on his part.

We will now proceed to determine whether such judgment was procured through fraud, accident, or mistake, unmixed with negligence on Lenox's part. We have carefully examined the record, and have been unable to detect any fraud in the proceedings that led up to the judgment. Counsel of defendants in error in their brief fail to point to any fact or circumstance showing that any fraud had been perpetrated in the procurement of said judgment. Then we take it that fraud is eliminated from the transaction, and on that ground Lenox is not entitled to relief. No accident is claimed, unless the delicate health of Lenox can be so termed. He claims that he was in such a state of health that he was advised by his physician to take a trip to Europe, which he proceeded to do, being gone about five months, leaving his case to the tender care of his adversary. The evidence of Lenox shows that he had been in delicate health for sometime, but sufficiently able to look after this case. Being able so to do, he can not excuse himself for not making some provision by which his interest could have been protected. No witnesses were subpœnaed; no depositions were taken, not even his own. As far as the record shows, no effort was made to get an agreement from opposing counsel to postpone the cause or make any disposition of it until Lenox could return. In fact, the whole case seems to have been totally ignored by Lenox.

Lenox attempts to excuse himself from exercising diligence on the plea that attorney for the Woods informed him sometime after the burning of the court house of Bowie County, in January, that the papers in the case had been destroyed in the fire, and that he thought nothing would ever be done in the premises. It seems that this information was incorrect, and the papers were produced in court at the April Term thereof and given to Lenox's attorney. This was several weeks before Lenox left for Europe. The counsel should have looked after the matter, and if he failed, then he is to blame; and Lenox, as far as Woods is concerned, must suffer the consequences. Eddleman v. McGlathery, 74 Texas, 281.

The evidence shows that the statement of the attorney for the Woods about the records being burned was a mistake. But suppose it had been true, would it have excused Lenox from prosecuting his suit? Certainly not. He had invoked the aid of the law to assist him in the collection of a debt. At his instance, it had reached forth its strong arm and laid hold of property belonging to the Woods, in value exceeding double the amount of his debt, for the purpose of securing his claim. He had resorted to a harsh remedy. True, it is sanctioned by the law; but when resorted to, it is done at the peril of the actor, and if he is not diligent in its prosecution he must suffer the consequences. If the records had been destroyed, the

law provides an ample remedy by substitution, by which he could, without much delay, have pursued the collection of his claim without unnecessary injury to the Woods. If Lenox did not see proper to look into the matter, or did not care to substitute the lost record, he could not excuse himself for that reason, for the Woods had the right to substitute the records, and it is unreasonable to suppose that they would lie still and await the pleasure of Lenox to prosecute the suit when there was property belonging to them tied up by the suit, in value more than double Lenox's debt. Even if they knew that Lenox's claim was just, it would have been to their interest to have had the matter settled as soon as possible, that they might get the use of the surplus fund.

From an examination of the facts, it seems to us that the plea of Lenox is wholly without merit to entitle him to recover. There is neither fraud, accident, nor mistake that shows any equitable grounds which entitle him to relief at the hand of the court. His injury, if any, was caused solely by his own negligence. This being the case, he must suffer the consequences.

The judgment of the court below is reversed and here rendered for plaintiffs in error.

*Reversed and rendered.*

Delivered November 1, 1893.

Motion for rehearing overruled December 20, 1893.