### PATRUCIO v. SELKIRK et al.

(Court of Civil Appeals of Texas. Austin. June 11, 1913. Rehearing Denied Nov. 12, 1913.)

**1. JUDGMENT (§ 518*)—COLLATERAL ATTACK— CROSS-BILL.**

An attack on a judgment is not necessarily collateral because made by a cross-bill; the parties, court, and subject-matter being the same as in the original suit.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 961, 962; Dec. Dig. § 518.*]

**2. JUDGMENT (§ 460*)—EQUITABLE RELIEF— ALLEGATIONS OF FRAUD.**

Mere broad general charges of fraud in the procurement of a judgment sued on without any specific allegations of fact constituting the fraud are insufficient to impeach the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 879, 880, 882–891; Dec. Dig. § 460.*]

**3. JUDGMENT (§ 460*)—EQUITABLE RELIEF— PETITION—VERIFICATION.**

A petition to set aside a judgment is an appeal to the equity powers of the court, and must be sworn to.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 879, 880, 882–891; Dec. Dig. § 460.*]

**4. JUDGMENT (§ 460*)—PETITION TO VACATE— EFFECT.**

A petition to vacate a judgment is in the nature of a motion for a new trial, and must set out such facts as would have been ground for granting a motion for new trial if made in the term at which judgment was rendered.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 879, 880, 882–891; Dec. Dig. § 460.*]

**5. JUDGMENT (§ 460*)—ACTION TO VACATE— FRAUD—FALSE TESTIMONY.**

Allegations of fraud in the recovery of a judgment sued on, amounting to nothing more than a charge that the plaintiff had given false testimony on the trial at which the judgment

was recovered, were insufficient to authorize such relief.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 879, 880, 882–891; Dec. Dig. § 460.*]

6. JUDGMENT (§ 405*)—CONCLUSIVENESS—VACATION.

When, in the exercise of lawful power, the court has rendered a lawful judgment, it is conclusive between the parties, except in an appellate proceeding, unless some ground, other than that it is probably unjust, is shown which, under settled rules of law, is sufficient to authorize a court of equity to re-examine the case, the judgment debtor being bound to show that it was, through no fault or lack of diligence on his part, that the facts on which he alleges the judgment should be set aside were not discovered by him and presented on the original trial.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 766, 767; Dec. Dig. § 405.*]

7. JUDGMENT (§ 456*)—VACATION—EQUITY SUIT—LACHES—EXPLANATION.

Where no application to set aside a judgment for fraud was made until after the expiration of 12 years, the debtor's application will not be entertained without a sufficient explanation of the delay.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 863–866; Dec. Dig. § 456.*]

8. ADVERSE POSSESSION (§ 22*)—CHARACTER OF POSSESSION—GRAZING CATTLE.

Grazing cattle which roamed at will on land claimed adversely by defendant and on other land in which he claimed no interest was not sufficient to sustain a plea of adverse possession.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. § 111; Dec. Dig. § 22.*]

Appeal from District Court, Matagorda County; Wells Thompson, Judge.

Action by James H. Selkirk and others against Tom Patrucio. Judgment for plaintiffs, and defendant appeals. Affirmed.

W. S. Holman, of Bay City, and John T. Duncan, of La Grange, for appellant. Linn, Conger & Austin, of Bay City, for appellees.

## Statement of the Case.

JENKINS, J. Appellees and others recovered a judgment against appellant and others for the land in controversy in the district court of Matagorda county in 1897, which was affirmed by the Court Civil Appeals June ——, 1898. See Petrucio v. Gross, 47 S. W. 43. The issue in that suit was as to whether Dick's Island, on which the land in controversy is situated, is a part of the Selkirk or a part of the Dempsey grant. This suit was brought by appellees to enforce said judgment, and to recover possession of said land for which they obtained judgment in the former suit. Appellant, in addition to general denial, alleged that said judgment was obtained by fraud and perjury, and pleaded the statute of limitations. This attack upon the judgment was stricken out upon exceptions, and the jury found against appellant on his plea of limitations. Appellees' objections to a number of appellant's assignments as not being in conformity with the rules, might well have been sustained, but we have nevertheless given consideration to all of said assignments.

## Opinion.

[1] 1. We do not agree with appellees that appellant's answer and cross-bill constitutes a collateral attack on the former judgment. Such attack may be made by a cross-bill as well as by original petition; the parties, the court, and the subject-matter being the same as in the original suit. Moore v. Miller, 155 S. W. 579.

[2] 2. The court did not err in sustaining appellees' exceptions to appellant's original answer in so far as the same sought to attack the former judgment, for the reason that it contains no specific allegations of fact alleged to have been falsely sworn to on the former trial, but only "broad, general, and indiscriminate charges of fraud." These were insufficient. Burnley v. Rice, 21 Tex. 182.

[3] 3. The exception to the trial amendment that the same was not verified was well taken. A petition to set aside a judgment is an appeal to the equity powers of the court, and should be sworn to.

[4] 4. A petition to vacate a judgment is in the nature of a motion for a new trial, and must set out such facts as would have been ground for granting such motion, if made in the term at which such judgment was rendered. McFarland v. Hall, 17 Tex. 676; Vardeman v. Edwards, 21 Tex. 739; Bryorly v. Clark, 48 Tex. 352.

[5] The material facts alleged in the trial amendment to have been falsely sworn to are: (1) That appellee J. H. Selkirk testified that if Dick's Island was not included in the Selkirk grant, the same would be short some 300 or 400 acres; whereas, in truth, the Selkirk grant contained 5,606 acres, exclusive of Dick's Island. The Selkirk grant was for islands in the Colorado river containing one league (4,428 acres). (2) That Dick Sevrill testified that the stream east of Dick's Island had been called the east branch of the Colorado river ever since he had known it, for a period of 20 years; whereas, in truth said stream had been known only as Dick's slough, and was not a branch of the Colorado river, and did not empty into same, but into a lake. (3) That Joshua Fisher testified that he had known the island in controversy for 25 or 30 years, and had always known it as Selkirk's Island, whereas, in truth it had been known as Dick's Island ever since Dick Howes occupied the same with some slaves during the Civil War. (4) It was also alleged that appellees introduced in evidence upon the former trial the field notes of a resurvey of the Dempsey survey, made for one Jane Calder, by the county surveyor of Matagorda county upon the erroneous supposition that said Dempsey survey had been forfeited, and that said field notes were erroneous in that they called for Piney bayou as forming a portion of the western boundary of said sur-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

vey; whereas, said Dempsey survey, for the entire length of its western boundary, bordered upon the Colorado river and included Dick's Island. These allegations would not have been sufficient grounds for a new trial in the original suit. If the mere allegation that the opposite party has given false testimony upon a trial was sufficient to obtain a new trial, then, as said in Burnley v. Rice, supra, "there would be few trials that would be final, * * * lawsuits would indeed be immortal, while men are mortal." The appellee ought to have anticipated just such testimony as he alleges was adduced; and to sustain his contention, he ought to have come prepared to show, if such was the fact, that the Selkirk grant had more land than it called for, exclusive of Dick's Island; that its eastern boundary was not a branch of the Colorado river, but only a slough, and that it was never known as Selkirk's Island, but as Dick's Island. No fraud can be charged against appellees in introducing the field notes of the Calder survey.

[6] 5. "When in the exercise of lawful power a court has rendered a final judgment, it must be held conclusive between the parties thereto, except in a proceeding appellate in its character, unless some ground, other than that it is probably unjust, is shown which under the settled rules of law is deemed sufficient to authorize a court of equity to re-examine the case." Harn v. Phelps, 65 Tex. 597. See, also, Wood v. Lennox, 5 Tex. Civ. App. 321, 23 S. W. 812. A party seeking to set aside a judgment must show that it was through no fault of his, and no lack of diligence on his part, that the facts upon which he alleges such judgment should be set aside, were not discovered by him and presented by him on the former trial. Power v. Gillespie, 27 Tex. 371; Brownson v. Reynolds, 77 Tex. 255, 13 S. W. 986; Fisk v. Miller, 20 Tex. 578; Vardeman v. Edwards, 21 Tex. 742; Weaver v. Vandervanter, 84 Tex. 693, 19 S. W. 889.

[7] 6. Another and sufficient reason why the court did not err in sustaining the exception to appellant's attempted attack on the former judgment is that no reason is given why suit was not seasonably brought to set aside said judgment, instead of waiting, as was done, for 12 years. It devolved upon appellant to allege sufficient reason for his delay, which he did not do. Milam County v. Robertson, 47 Tex. 222; De Camp v. Bates, 37 S. W. 645; Myers v. Pickett, 81 Tex. 56, 16 S. W. 643.

[8] 7. Appellees having shown themselves entitled to recover the land in controversy under the former judgment, judgment was rightfully rendered for them herein, unless appellant was entitled to the same under his plea of limitation.

Dick's Island was shown to contain 414 acres of land. Appellant claimed only 100 acres off the north end. He had no improvements on the land claimed by him. He had used it only for grazing purposes, appellees at the same time using it for the same purpose. His cattle grazed upon appellee's land, and their cattle grazed upon the land claimed by appellant, there being no fence between them. This character of possession is insufficient to sustain limitation, under either the three, five, or ten years statute. The jury were not only justified in finding against appellant on his plea of limitation but they would not have been justified in a contrary finding. Fuentes v. McDonald, 85 Tex. 136, 20 S. W. 43.

No error appearing of record, the judgment of the trial court is affirmed.

Affirmed.