## MAYTAG SOUTHWESTERN CO. v. THORNTON. (No. 3312.)

Court of Civil Appeals of Texas. Amarillo. Oct. 9, 1929.

Rehearing Denied Oct. 9, 1929.

Wilson & Biggers and Roy W. McDonald, all of Dallas, for plaintiff in error.

Williams & Bell, of Childress, for defendant in error.

HALL, C. J. On October 12, 1928, defendant in error, Thornton, sued plaintiff in error in the district court of Childress county, and process was served returnable January 7, 1929. On January 4th the Maytag Company filed its answer in that cause, in which, by cross-action, it sought to recover from Thornton $365.14 unpaid balance and $430.86 actual and exemplary damages. Judgment was rendered for Thornton on the last day of that term of court, being the 9th day of February.

On February 28th thereafter the Maytag Company filed this action in the nature of a bill of review to set the judgment aside. On June 14, 1929, the Maytag Company filed its third amended petition. In an original motion filed in this court, the Maytag Company prayed for an injunction restraining the levy of an execution issued upon said judgment, and in said motion referred to its petition rather than to its third amended petition, and made no reference to the pages of the transcript. In the original opinion we based our judgment upon the allegations in the petition referred to, and our attention is now called to the fact that the Maytag Company had filed a third amended original petition. So far as the material grounds set up in the two pleadings are concerned, there is no substantial difference. The last amended petition merely amplifies and sets out more specifically the facts as alleged in the original petition bearing upon the issue of diligence.

The plaintiff in error has been permitted to brief the case, but we are not favored by briefs from defendant in error.

In the third amended original petition by which the Maytag Company sought to set aside the judgment rendered against it in cause No. 1640, it is alleged, in substance: That the Maytag Company is a corporation, having its principal office in Dallas; that during the year 1927 Thornton was employed as its salesman and later as manager of its store in Childress, with authority to sell and superintend the sale of the Maytag washing machine. That Thornton was guilty of fraud, and misappropriated the funds of the plaintiff. That on October 12, 1928, Thornton instituted suit No. 1640 on the docket of the district court of Childress county, against the petitioner, seeking to recover the indebtedness alleged to be due him. That petitioner was duly served with citation, and on January 4th filed its answer, which alleged as a meritorious defense that petitioner owed Thornton nothing, that the amount claimed by him in suit No. 1640 was false, that petitioner had employed Thornton as alleged by him, but that he gave such unsatisfactory service and dealt in petitioner's name in such a fraudulent and unauthorized manner that plaintiff was forced to discharge him. That in its said answer it set up a cross-action against Thornton, alleging that the contract of employment between petitioner and Thornton provided that the company should retain from Thornton's commissions a certain amount to be held in trust in the name of Thornton, which fund was held to cover any charges against Thornton by reason of the failure of purchasers to pay for the washing machines; said funds also to cover shortages, defalcations, and any misappropriation of the money or property of petitioner by Thornton, and also to cover all advances for expenses, shortage on collection reports, and all losses occasioned by the acts of Thornton. That, under the terms of the contract, Thornton's sole compensation was to be realized from commissions upon sales. That, when Thornton was promoted to the position of manager of the store, a second contract was entered into similar to the first in its terms. That under the contract there accumulated during the period between June 5, 1927, and June 5, 1928, a trust fund to the account of Thornton in the sum of $1,242. That during such time, and up to October 30, 1928, the company was forced to repossess approximately fifty washing machines, upon which Thornton had collected his commissions, because the respective purchasers of such machines had failed to pay for them. That the commissions amounted to $895.85. The petitioner then sets out individual transactions made by Thornton and itemizes the account between it and Thornton, showing a balance due it of $365.14, and makes the further claim for damages in the sum of $500 by reason of the misappropriation of certain property by Thornton and expenses in the employment of attorneys and auditors to examine Thornton's books and transactions.

The petition alleges that its answer and cross-action was a complete defense to Thornton's claim in said cause No. 1640, and that upon January 2, 1929, it mailed its said an-

swer and cross-action to the district clerk of Childress county, and wrote said clerk to issue citation upon the cross-action as soon as possible, and requested the clerk to advise whether plaintiff had made security for the payment of costs and what steps were necessary to have the case set for trial. Petitioner further alleges that, despite the fact that the district clerk acknowledged receipt of the answer and cross-action, he wholly failed to respond to that part of its attorneys' letter in which they asked that they be advised of the local court rules for setting cases; that thereafter, on January 7th, the petitioner's attorneys addressed to the district court of Childress county and its clerk a letter, inclosing their motion to require Thornton to make security for costs in said cause No. 1640; that the clerk never acknowledged the receipt of said motion, and it was never acted upon; that the petitioner's attorneys awaited a reply from the clerk for some days, but, having received no reply to their request for a setting, on January 29, 1929, again wrote the clerk asking what was the present status of the case, whether any orders had been taken in it, and also whether citation upon their cross-action had been served; that such letter was ignored and never answered by the clerk, and its said attorneys, still being anxious and eager to try the case, on February 12th addressed another letter to the district clerk, asking that they be advised as to the present status of the case, whether any orders had been taken, and also whether the citation on the cross-action had been served; that, despite their efforts to ascertain the facts, no answer was given by the clerk until February 15th, when the clerk wrote them, inclosing a copy of the judgment in cause No. 1640, said judgment being dated the 9th day of February, 1929.

The judgment recites that the Maytag Company had been duly cited, had filed an answer, and that on January 28th the cause was set down for trial; that a jury was waived, and all matters of fact as well as of law were submitted to the court. It decrees a recovery in favor of Thornton against petitioner in the sum of $749.50 with interest, and that the Maytag Company "take nothing by reason of its cross-action filed herein."

The petitioner further asserts that the case had not been regularly set, and no information of said setting had been given the company; that on the very day the judgment was entered Thornton filed an amended petition which he improperly styled a supplemental petition; that no leave of the court was granted to file said supplemental petition, and no notice given to the attorneys of its filing; that the district court of Childress county had no printed assignments and had formulated no rules for the setting of cases.

Then follows several pages of arguments and repetition of facts formerly alleged, interspersed with the statement of legal conclusions as to the use of diligence, the validity of the company's defenses, that its failure to appear was the result of accident and mistake, etc. The particular accident or mistake is not definitely set out, and it is not alleged that Thornton is in any way responsible for the accident or mistake, nor is it shown whose mistake resulted in the judgment. The court sustained the general demurrer of Thornton to the petition, and the judgment recites that the special exceptions and plea in abatement were also sustained.

■ The first proposition to be considered is that, where an amended petition is filed, and no leave is granted to defendant to amend an original answer filed to such amended petition, it is error for the court to consider and sustain general and special demurrers contained in such answer and addressed to a superseded petition.

The statement following this proposition shows that the Maytag Company filed its original petition in the nature of a bill of review on February 28, 1929; that on June 8, 1929, Thornton filed his answer, which contained general and special demurrers and general and special denials; that on June 14th, plaintiff filed its third amended original petition setting up in detail its cause of action against the defendant in this case. It is further stated: "Defendant was never granted any leave to amend his answer, but by interlineations, his attorneys entered first one and then another descriptive phrase in the first paragraph of his original answer attempting thereby to answer in turn each of the plaintiff's amended petitions without securing leave of court to amend and without filing any new pleadings."

The plaintiff in error makes no reference to the record to sustain the statement just quoted. The original answer, with interlineations, is not before us. There is no bill of exception in the record showing that the answer was amended in this manner over the objection of the plaintiff in error. In the absence of an affirmative showing that there was such a proceeding had over the objection of the plaintiff in error, the presumption is in favor of the regularity of the court's action in considering the demurrer as presented.

■ It is next insisted by proper proposition that, where the trial court sustains a general demurrer to a third amended original petition, and plaintiff refuses to further amend, it is error for the court to consider and attempt to act upon special exceptions filed subject to such general demurrer.

We agree that, after the court had sustained a general demurrer, no further ruling should have been made upon the special exceptions, Karnes v. Barton (Tex. Civ. App.) 272 S. W. 317; Bigham v. Channel Co., 100 Tex. 192, 97 S. W. 686, 13 L. R. A. (N. S.) 656, but such ruling is harmless, and plaintiff in

error does not show any injury by reason thereof, City of Dallas v. Shows (Tex. Com. App.) 212 S. W. 633.

▮ It is further contended that, after the court sustained a general demurrer, it was error to consider and pass upon a plea in bar filed subject to such general demurrer.

After sustaining the general demurrer, there was no necessity for the court to pass either upon a plea in abatement or in bar, but the fact that the court did consider such pleas and sustained them is harmless error, in view of the holding that the petition was subject to a general demurrer.

What has been said disposes of the last two propositions.

▮▮ The first proposition is: "Where, as here, plaintiff in his action seeks to set aside a prior judgment of the same court and sets up in a sworn petition that he has a good and meritorious defense that the judgment attacked is unjust and that upon a new trial a different decision would result, that the plaintiff was prevented from presenting its defense without negligence upon its part, that the rendition of such judgment was the result of a mistake or accident for which the plaintiff was not responsible, that no opportunity was given the plaintiff to move for new trial within the term, and that irreparable injury would result from leaving the prior judgment in force, it is error for the Court to sustain a general demurrer to such petition and dismiss the cause."

As an abstract proposition of law, this is sound, but it is not sustained by the record. There is nothing in the proceedings before us which tends to show that the Maytag Company was prevented from presenting its defense. On the other hand, it clearly appears from the allegations in its petition that it did not use due diligence with reference to this matter. Its attorneys resided at Dallas. They were never in attendance upon that term of the court, nor was any local counsel employed to represent it in any particular. The answer was mailed from Dallas to the district clerk, and the company's attorneys seem to have depended upon the clerk to keep them informed with reference to all matters connected with the case, and that, too, without having previously arranged with the clerk to do so. The statutes do not impose upon the clerks of courts the duty of keeping counsel, and especially nonresident counsel, informed with reference to their cases, and counsel had no right to rely upon the clerk for the information which they desired in this particular. They do not show that the clerk had previously promised to keep them informed with reference to the progress of the case, and the fact that the clerk failed to answer the first two letters specifically was sufficient to warn petitioner's counsel that they could not depend upon him. Notwithstanding his failure to give them any information, they remained at Dallas and employed no local

counsel, and failed to communicate with the court or opposing counsel with reference to the matters complained of.

We may reasonably presume from the fact that no judgment was entered until the last day of the term that the court and opposing counsel were holding the matter open for the benefit of the plaintiff. This is not a case where a judgment by default has been rendered against a defendant who has not answered or who had not been served with process. The answer of the company, filed on January 2d, operated as an appearance for all purposes incident to the plaintiff's right of action, and it was the duty of the company, by its counsel or representative, to be in the court when the case was called for trial, and it is charged with notice of all the orders and proceedings had during the term.

The statute, article 2162, Rev. St. 1925, requires that every suit shall be tried when it is called, unless it is continued or postponed to a future date of the term or be placed at the end of the docket to be called again for trial in its regular order. Article 2164 provides that the trial judge shall set jury cases for trial on designated days in the term, and article 2165 provides that the nonjury docket shall be taken up at such times as not unnecessarily to interfere with the dispatch of business on the jury docket. There is no statute and no rule requiring trial courts, except in certain designated counties, to set nonjury cases, but during the time which has not been set apart for the trial of jury cases it is the duty of the court to call the nonjury cases in their order on the docket, and, if not tried when called, to either postpone them or set them for some later date in the term. There is nothing in this record to show that such a course has not been followed with reference to this case. On the other hand, the fact that this was the last case to be tried would indicate that the court followed such procedure. It is the duty of parties or their attorneys to be present in court whenever their cases are called for trial, and strong reasons must be presented to excuse their absence. Gambrell v. Bruce (Tex. Civ. App.) 274 S. W. 161, and authorities there cited. The only excuse set out in the petition is the failure of the district clerk to keep counsel informed of the state of the case and to have the case set and notify counsel of the date of setting. This does not excuse the failure of plaintiff in error to have its counsel present. So far as this record shows, the case may have been called for trial several times and passed because counsel for plaintiff in error were not present. It is not charged that either the clerk, the trial judge, or opposing counsel did anything to mislead counsel for plaintiff in error or to cause them to neglect the case.

▮ The second proposition is: "Where, as here, plaintiff seeks to set aside by equitable proceedings in the nature of a bill of review,

a judgment rendered in a prior cause and sets up in a sworn petition that the original case was not regularly set in its statutory order upon the date that it was tried, that no cases were being set upon such date, that this was not a regular setting, that neither the record nor the docket of the court show any order of the court setting the case upon that day, that no cases whatsoever were being set upon the last day of the term, that this case was taken up out of its regular order in the absence of the plaintiff and that irreparable injury has resulted to complainant by reason of the unauthorized trial of such case, it is error for the Court to sustain a general demurrer to such petition."

This proposition is not sound. It implies that a duty rests upon the court to set each case for a separate date or to set certain cases for certain dates when the statute imposes no such duty with reference to nonjury dockets except in special counties. It is further incorrect, in that it asserts that this case had not been set for the last day of the term. The petitioner's third amended original petition sets out the judgment in cause No. 1640, which recites: "That on January 28, 1929, this cause was set down for trial," and the judgment was not rendered until the 9th day of February thereafter, so this contention is contradicted by the record. There is nothing in the record to sustain that part of the proposition which asserts that the case was taken up out of its regular order or that the setting of January 28th was not regular. Rev. St. 1925, art. 319, prohibits clerks of the courts from acting as counsel, and by implication prohibits them from acting for or as agents of counsel of either party to the suit.

"It is not fraud to proceed in the regular way to a judgment, even though in the absence of and without notice to the adverse party, if there be no law or agreement requiring notice." Freeman on Judgments (5th Ed.) p. 2565.

■ Mistake, unaccompanied by inexcusable negligence or fraud of the opposite party whereby a trial has not been obtained is no ground for equitable relief against the judgment. We think the allegations of the petition clearly show a want of diligence on the part of the company and its attorneys, and that the court did not err in sustaining the general demurrer. 15 R. C. L. 740; St. Paul F. & M. Ins. Co. v. Earnest (Tex. Civ. App.) 293 S. W. 677; 34 C. J. 329; Freeman on Judgments (5th Ed.) 2592; Burnley v. Rice, 21 Tex. 183; Home Benefit Association v. Boswell (Tex. Civ. App.) 268 S. W. 979; Davis v. Cox (Tex. Civ. App.) 4 S.W.(2d) 1008; Wakefield v. Burchers (Tex. Civ. App.) 4 S.W.

(2d) 218; Wood v. Lenox, 5 Tex. Civ. App. 318, 23 S. W. 812.

The further contention is made that the court erred in rendering judgment until citation had been served upon Thornton based upon the company's cross-action against him.

■■ The record shows that Thornton, who was plaintiff in cause No. 1640, filed his supplemental petition on the last day of the term prior to the entry of the judgment, in reply to the defendant's cross-action. Plaintiff, Thornton, is not complaining of the failure of the company to have him served with citation based upon this cross-action, and the company has no right to complain.

In Davis v. Wichita State Bank & Trust Co., 286 S. W. 584, 589, this court said: "The rule with reference to a defendant is that when he has answered the plaintiff's petition, he is charged with notice of all the proceedings in the case as long as he remains a party to the suit, and it is held that he must take notice of a cross-action filed against him by an intervener or a codefendant without citation." (Citing authorities.)

In Sullivan v. Doyle, 108 Tex. 368, 194 S. W. 136, Judge Phillips held that, where one defendant entered his appearance in the main cause, he was before the court for all purposes, and another defendant who brought a cross-action was entitled to judgment against him without the necessity of citation. Thornton is not complaining of the failure of the clerk to issue citation, and it does not lie in the mouth of the defendant to assert that the court could not adjudicate the issues presented by its cross-action until plaintiff had been served with process. It was the duty of the defendant to have such process issued and served, if necessary. This it failed to do. In such event, Thornton had the right, by supplemental petition, to appear in answer to the claim asserted in the cross-action, and the filing of the supplement was a waiver of citation. The parties were then before the court, and it was not error to dispose of all the issues.

■ It may be admitted that the company had a meritorious defense, and that there was merit in its cross-action, and that it had no opportunity to file a motion for a new trial. Nevertheless, when its petition seeking to set aside the judgment affirmatively shows a want of diligence in appearing and urging its claim during the term of the court at which the judgment was rendered, the equities of the bill are insufficient to maintain the action, and the court correctly sustained the general demurrer.

The original opinion is withdrawn, the injunctions are dissolved, and the judgment of the trial court is affirmed.