## STEVENSON v. THOMAS et al.
### No. 4271.

Court of Civil Appeals of Texas. Texarkana.
Dec. 16, 1932.

Rehearing Denied Jan. 19, 1933.

Ramey & Fanning, of Sulphur Springs, and Massingill & Belew and Homa S. Hill, all of Fort Worth, for appellant.

Brim & Spence, of Sulphur Springs, Wm. C. Menton and H. C. Bishop, both of Dallas, and G. L. Robertson, of Fort Worth, for appellees.

BLALOCK, Chief Justice (after stating the case as above).

This record shows from the testimony of the county clerk that the county court of Hopkins county does not indulge the custom of setting cases for trial on special days, but just calls the docket, and "they are called the way they appear on the docket." It is also noted that complainant's attorney, who lived in Fort Worth, wrote the county clerk in April, 1930, to the effect that he would appreciate being advised of any setting of the case, whereupon the clerk returned the following notation: "Beg to advise the case has not been set, however we have a jury for Monday, April 28th." According to the record, complainant did not make further inquiry by letter, visit, or otherwise to see if the case was on the jury docket, to see when it would be called, to learn anything of the local rules or customary procedure of the court, and in no way or fashion make contact with the court or with appellees' attorneys for a period of one year, and until judgment had been entered. Appellees' attorney, Brim, testified that he searched the court papers before and after judgment had been taken to see if complainant had filed an answer, but found none.

This court is cognizant of the well-established custom and highly commendable practice among attorneys jealous of the ethics of their profession to refrain from taking a judgment without notifying opposing counsel when they are known to represent the opposite side of the litigation. On the other hand, no legal duty rests upon either attorney to protect the other's client from injustice; and one who has not been diligent in guarding his interests will not be heard by a court of equity to complain of injustice resulting from his lack of diligence. To be entitled to relief on a bill of review, complainant must not only show that he has a meritorious defense, but that failure to present it was not due to his own negligence. No legal duty rests on the clerk of the court to keep either party informed of the proceedings or rules of the court. Maytag Southwestern Co. v. Thornton (Tex. Civ. App.) 20 S.W.(2d) 383; Goss v. McClaren, 17 Tex. 107, 67 Am. Dec. 646; Smith v. Ferrell (Tex. Com. App.) 44 S.W.(2d) 962, 963; Wagley v. Wagley (Tex. Civ. App.) 230 S. W. 493.

Without passing upon the charge that complainant was unjustly deprived of his right to present his defense because of mistake or improper motives on the part of appellees' attorneys, we find that complainant did not exercise sufficient diligence in guarding his rights to entitle him to call upon a court of equity to correct the injustice. We see no reason why complainant's attorney should have assumed that appellees had abandoned their case. Did not appellees have equal reason to assume that complainant had abandoned his defense?

Complainant insists he is entitled to relief because appellees' petition in the original suit is insufficient in law to support a judgment, and that therefore the judgment therein is void. We have examined that petition as it appears in the record brought to us for review. Although we think it subject to special

exceptions, we do not think it subject to general demurrer, and we are therefore unwilling to declare void the judgment based thereon.

The judgment is affirmed, and costs adjudged against appellant.