### COHEN et al. v. CITY OF HOUSTON.

#### No. 11644.

Court of Civil Appeals of Texas. Galveston.

Jan. 24, 1945.

Rehearing Denied Feb. 15, 1945.

Roy L. Arterbury, of Houston, for appellants.

H. R. Allison, of Houston, for appellee.

GRAVES, Justice.

This appeal by H. M. Cohen, an individual person, and the H. M. Cohen Lumber & Building Company, a private corporation, is from a judgment for the City of Houston against them for delinquent ad valorem taxes found to be due by them for the years 1934 through 1943, both inclusive, the substance of the decree being as follows:

"On this the 27th day of January, A.D. 1944, came on to be heard the above entitled and numbered cause, and this day came the plaintiff, the City of Houston, in behalf of itself and of the Houston Independent School District, by its attorney, and the defendants, H. M. Cohen and H. M. Cohen Lumber and Building Company, having been duly cited and having filed an answer herein, and on this the 27th day of January, A.D. 1944, when this case was regularly set on the docket and the defendants were duly notified of the setting, the defendants having failed to appear, and the matter in controversy, as well of fact as of law, having been submitted to the Court, and the pleadings and evidence having been heard and fully understood, and it appearing to the Court that the cause of action is liquidated and is proved by a certified copy of a statement for taxes due the plaintiff for the years 1934 thru 1943, both inclusive, it is therefore considered by the Court and so ordered, adjudged and decreed that the said plaintiff, the City of Houston, in behalf of itself and of the Houston Independent School District, do have and recover of the said defendants, H. M. Cohen and H. M. Cohen Lumber and Building Company, jointly and severally, as and for its debt the sum of $1,748.98 for taxes, and $555.13 for interest and penalty, and $115.-20 for attorney's fees, making a total of

$2,419.31, together with interest at the rate of six per cent (6%) per annum from this date until paid, and all cost of suit, and that the plaintiff have his execution."

As points for reversal, appellants present, in substance, these contentions:

(1) The judgment was unfairly obtained by the appellee "without the knowledge of defendants, or their counsel, contrary to the usual and customary procedure, and under circumstances that did violence to fair play and substantial justice to the defendants, denying defendants their day in Court."

(2) Such trial and judgment below having been so consummated without the presence or knowledge of appellants, the appellee "should be held to a strict showing that the record made properly substantiates the judgment rendered."

(3) Such judgment is not in accord with the pleadings and evidence, hence should be set aside.

(4) "The only evidence introduced was a purported tax notice addressed to *one* of the defendants (the H. M. Cohen Lumber & Building Company), on the back of which tax notice was a certification signed by W. B. Collier, as 'Director of Treasury of the City of Houston', to the effect that said tax notice was made from the City Tax Rolls of the City of Houston, and that said statement is 'true and correct, as shown by said Tax Rolls.' "

█ In the state of the record, Point No. 1 cannot be sustained. It indisputably appears, (1) that appellants did appear and did file answer to the merits of the cause on the 24th day of December, 1943; (2) that' on December 29, 1943, thereafter, on suggestion of the trial judge, they were, in writing, advised by counsel for appellee that the court had, in advance, set the cause for trial on January 27th of 1944; (3) that appellants did nothing toward preparing for such trial until January 26th, the day before the recited setting, when one of their counsel advised another of them that it was highly improbable the cause would be tried on the 27th, hence he need not concern himself therewith, unless he was advised—on the 27th—that it would actually be tried.

█ Clearly this procedure did not amount to a denial to appellants of their "day in court", since that term has a well-defined legal meaning, which is, that a litigant has had his "day in court" when he

has been duly cited to appear and has been afforded an opportunity to appear and to be heard. Fisher v. Jordan, D.C.Tex., 32 F. Supp. 608, 614, reversed on other grounds in 5 Cir., 116 F.2d 183, certiorari denied Jordan v. Fisher, 312 U.S. 697, 61 S.Ct. 734, 85 L.Ed. 1132; Galpin v. Page, 18 Wall. 350, 85 U.S. 350, 21 L.Ed. 959; Olsen v. Muskegon Piston Ring Co., 6 Cir., 117 F.2d 163, 165; Maytag Southwestern Co. v. Thornton, Tex.Civ.App., 20 S.W.2d 383, writ of error dismissed.

Moreover, the court below, upon motion for a new trial upon this very complaint, gave appellants a full hearing thereon and thereafter overruled their motion so based, setting out in the transcript they have brought up all the evidence received at that hearing. They have not questioned any of that testimony here—merely challenging its legal effect.

█ In other words, the trial court determined adversely to the appellants, on what this court considers itself bound to, find was sufficient evidence, the fact issues as to whether or not they had been denied a right to be heard, without at that time knowing, or having been advised, when the trial of the case would occur, and that finding is binding upon this appeal. Lawther v. Winniford, Tex.Com.App., 249 S.W. 195; Babington v. Gray, Tex.Civ.App., 71 S.W.2d 293, at page 295, Syllabus 2; Long v. Wortham, 4 Tex. 381; Mason v. Slevin, 1 White & W.Civ.Cas.Ct.App. § 11; Welch v. Holmes, 2 Posey's Unrep.Cas. 342.

█ Since the parties here agree that this was not—strictly speaking—a judgment by default, because of the filing of the stated answer, this declaration in the very similar Thornton case, supra, is thought to be apropos in this instance [20 S.W.2d 386]: "This is not a case where a judgment by default has been rendered against a defendant who has not answered or who had not been served with process. The answer of the company, filed on January 2d, operated as an appearance for all purposes incident to the plaintiff's right of action, and it was the duty of the company, by its counsel or representative, to be in the court when the case was called for trial, and it is charged with notice of all the orders and proceedings had during the term."

Especially should this conclusion follow, it is thought, since this suit for allegedly delinquent ad valorem taxes was, (1)

brought under Article 7345b, Section 11, Vernon's Annotated Revised Civil Statutes of Texas, providing that such actions shall have precedence and priority in both the district and appellate courts of the State, and (2) Texas Rules of Civil Procedure No. 245, paragraphs (b) and (c), in substance, provides for the assignment of cases for trial upon request of a party thereto and notice to the other party, or in such manner as the trial courts deem expedient—in either instance precedence being given "to actions entitled thereto by any statute or rule."

Appellants' second point has been disposed of by what has been said concerning their No. 1.

Concluding points, Nos. 3 and 4, challenge the sufficiency of the pleadings and evidence to support the judgment rendered. So far as concerns the answer they so filed in the cause on December 24 of 1943, which was after Rule 90, Texas Rules of Civil Procedure, had abolished the general demurrer, they included therein only one special exception, which declared alone upon this claimed bar to the recovery by the city of the delinquent taxes sought by it against them on automobiles and trucks, to-wit:

"The Mayor and City Council thereunto duly authorized, legally passed and adopted a resolution as well as a City Ordinance providing that all taxes levied and unpaid on automobiles and trucks owned by the citizens of Houston, for all years prior to the year 1940, be cancelled, annulled, and forgiven; that in the suit herein plaintiff, contrary to the purpose of said ordinance and resolution, is seeking to recover taxes against all automobiles and trucks owned by these defendants for the years 1934, 1935, 1936, 1937, 1938, and 1939, as well as for the years 1940, 1941, and 1942.

"Wherefore, these defendants plead said City Ordinance as a bar to the plaintiff's claim for such taxes for the years covered by said ordinance."

The answer further merely included a plea of general denial, and, for special answer on the facts, reiterated the allegations so set out in the special exception.

■ By entering the quoted judgment, which, self-evidently, was not one on default, in favor of the appellee, notwithstanding such answer of the appellants, the trial court not only determined that the petition as a matter of law stated a cause

of action therefor, but further found that the facts in evidence sufficiently supported it.

■ That holding is held to have been erroneous. If it be assumed, under cited Rule 90, that appellants waived all other defects except the bar their one quoted special exception interposed against the appellee's petition, still, under the general law, as this court understands it, no court judgment can stand without fundamentally sufficient pleading and proof to sustain it; 25 Texas Jurisprudence, Judgments, paragraphs 98 and 101, and foot-note cited authorities.

■ Not only so, but as concerns the evidence by itself, "presumptions are indulged in the absence of proof and not against proof." Withers v. Patterson, 27 Tex. 491, 496, 86 Am.Dec. 643; Garza v. City of San Antonio, Tex.Com.App., 231 S.W. 697, at page 699, paragraph (5).

Here, as the quoted judgment itself recites, this alleged cause of action for delinquent taxes against the two separate defendants sued, was "proved by certified copy of a statement for taxes due the plaintiff for the years 1934 thru 1943, both inclusive", which necessarily meant it was proved by that certified copy alone.

The certified copy so made a part of the judgment itself was likewise the appellee's only pleading of a cause of action against each and both of the defendants named and was attached as "Exhibit A" to its trial petition. A copy of such "Exhibit A" is likewise appended to and made a part of this opinion.

■ It is true this suit for delinquent taxes on personalty was brought as being in conformity to Article 7328.1, Vernon's Revised Civil Statutes of Texas, Acts of 1939, of the 46th Legislature, p. 664, and the appellee invokes, in support of the judgment rendered therein, such holdings as this court's opinion in Corbett v. State, Tex.Civ.App., 153 S.W.2d 664.

But examination of the trial petition and the judgment so rendered thereon discloses that this invoked statute was not followed nor conformed to, even substantially, in these, among other, particulars:

(1) In the invoked Corbett case, supra, the suit was under the sections of the Article 7328.1 dealing with lands, and in proof of the taxes claimed against them the in-

ventory sheets, the assessment rolls, and the delinquent tax records of Brazoria County were interposed, whereas here neither of these requisites was present.

(2) This petition, while undertaking to name as defendants "H. M. Cohen, a resident of Houston, Harris County, Texas, and H. M. Cohen Lumber & Building Company, a corporation duly authorized and existing by virtue of the laws of the State of Texas * * * hereinafter styled defendant", nowhere identifies which of such defendants, if either, owns the personal property against which the taxes were claimed to have been assessed. Neither were any attorney's fees specifically declared upon, mentioned, or sued for, nor was there a scintilla of evidence relating thereto.

(3) The prayer of the petition, deleting formal parts, was this:

"Plaintiff prays for personal judgment against the defendant for the total amount of such taxes together with all penalties, interest, costs and other charges and expenses that may be or become legally due and owing against all of the above described personal property, together with foreclosure of plaintiff's lien against such personal property, for an order of sale, for all costs of suit", etc.

(4) Neither does the proof identify which of the defendants, if either, owned the property in question, since the petition, in paragraph 2 thereof, not only failed, as indicated, to allege which of the named defendants owned the scantily described property, but further expressly limited the only proof thereof to such as was contained in the certificate attached as "Exhibit A", in this language:

"II. That the defendant is the owner of and claims some interest in and to the merchandise, furniture, fixtures, autos and trucks at an address located within the territorial limits of Houston, Texas, all as more particularly described in the attached 'Exhibit A'."

(5) The certificate ("Exhibit A") purports to have been signed by "W. B. Collier, Director of Treasury, City of Houston", without any showing anywhere in the record, by presumption or otherwise, what Mr. Collier had to do with the assessment and collection of delinquent taxes on personal property for the City of Houston; whereas the invoked statute, Article 7328.1,

Section 1, Subdivision (a), expressly requires that the petition declaring upon such taxes shall itself allege that the city brings the suit for the use and benefit of itself and "all political subdivisions whose taxes are collected by the Assessor and Collector of Taxes"; that is, such Subdivision (a) relates eo nomine to State and County taxes, but in subsequent Section 6 thereof it, in substance, provides that all the provisions of that Act are "made available for, and when invoked shall be applied to, the collection of delinqent taxes of all municipal corporations and political subdivisions of this State", etc.

(6) Indeed, Article III, Section 9, of the Charter of the City of Houston itself, provides that: "* * *, either the tax rolls or a statement of the taxes due on any property made from said rolls certified to and signed by the city assessor and collector of taxes of the City of Houston, * * *, shall be prima facie evidence that the tax on the property is due; that the facts stated therein are true, and that all the prerequisites required by law pertaining to the levying and assessing of taxes and the rendition of the property therefor on which the suit is brought for the taxes have been complied with."

As recited, none of these essentials appear here, since nowhere did the City Assessor and Collector of Taxes perform any act in connection with these taxes, or this suit, nor was Mr. Collier as "Director of Treasury, City of Houston", shown to have any authority to effectively make such a certificate, or to act as the alter ego of the City Assessor and Collector of Taxes, or to perform any of the statutory official duties imposed upon that officer.

(7) Although, as recited above, the petition contained no allegation showing that either of the defendants named was personally liable for the taxes sued for, and there was no evidence—aliunde "Exhibit A"—showing that either owed any part of them, the judgment, as its terms make plain, was a personal one for the given sums of money against them both.

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal.

They require that the cause in its entirety be reversed, and remanded for another trial; it will be so ordered.

Reversed and remanded.

Exhibit "A".

City of Houston, Texas.   Account No.        8–6425
   and
   Houston Independent   Received of   H. M. Cohen Lbr. & Bldg. Co.
     School District       Address      2310 Leeland, Houston, Texas.

   Delinquent                            V
Tax Statement                             P   Mdse.—Furn.—Fixt.
This statement when properly filled in    Tr.   Autos—trucks
and stamped becomes an official tax re-
ceipt for years and amounts herein
shown:

Penalty and Interest

| Year | City | Lib. | School | Total |
|------|------|------|--------|-------|

| Year | City | Lib. | School | Total |
|------|------|------|--------|-------|
| 1934 |        |      | 9.86   | 9.86 |
| 1935 |        |      | 39.90  | 39.90 |
| 1936 |        |      | 54.00  | 54.00 |
| 1937 | 88.88  | 1.12 | 54.00  | 144.00 |
| 1938 | 148.12 | 1.88 | 90.00  | 240.00 |
| 1939 | 148.12 | 1.88 | 87.75  | 237.75 |
| 1940 | 157.95 | 2.03 | 93.15  | 253.13 |
| 1941 | 210.60 | 2.70 | 122.04 | 335.34 |
| 1942 | 262.28 | 3.36 | 149.30 | 414.94 |

Total

City Interest and Penalty..............   City ........................ 301.12
Library Interest and Penalty..........   Lib. ........................   3.80
School Interest and Penalty...........   Sch. ........................ 240.49
Cost—Statement and Advertising.

     W. B. Collier,
Director of Treasury, City of Houston.   Suit No.
                                          Court Cost
By .........................             Total  12–2–43  JBA          2,274.33
          Deputy
Date .......................

REVERSE SIDE.

I hereby certify that the statement of the taxes shown on the reverse side hereof due the City of Houston and the Houston Independent School District on the described property for the years 1934 to 1942, both inclusive, due by H. M. Cohen Lumber and Building Company, 2310 Leeland, Houston, Harris County, Texas, was made from the City tax rolls of the City of Houston and that said statement is true and correct as shown by said tax rolls and that no part of the taxes, interest and penalty shown hereon have been paid to date.

(Signed)   W. B. Collier.
        W. B. Collier,
          Director of Treasury,
   Dated December 6, 1943.       City of Houston.
O.K.
HRA
   No. 299,334